# In re Vladimir LIADOV et al., Respondents

File A79 562 410 - Bloomington
File A72 414 726
File A72 414 727
File A72 414 728

*Decided September 12, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Neither the Immigration and Nationality Act nor the regulations grant the Board of Immigration Appeals authority to extend the 30-day time limit for filing an appeal to the Board.

(2) Although the Board may certify a case to itself under 8 C.F.R. § 1003.1(c) (2006) where exceptional circumstances are present, a short delay by an overnight delivery service is not a rare or extraordinary event that would warrant consideration of an untimely appeal on certification.

FOR RESPONDENTS: Jerzy Guzior, Esquire, Minneapolis, Minnesota

FOR THE DEPARTMENT OF HOMELAND SECURITY: Kevin Lashus, Assistant District Counsel

BEFORE: Board Panel: OSUNA, Acting Vice Chairman; HOLMES and HURWITZ, Board Members.

HURWITZ, Board Member:

This case was previously before us on February 18, 2005, when we dismissed as untimely the respondents' appeal from the Immigration Judge's January 13, 2004, decision.  On May 10, 2005, we denied the respondents' motion to reconsider, finding that the late filing of their appeal was not excused by the fact that the overnight delivery service they used did not timely deliver their appeal, as guaranteed.

The matter is now before us pursuant to the September 28, 2005, order of the United States Court of Appeals for the Eighth Circuit.  The parties in court agreed to remand the case to us for further consideration in light of the decisions in *Oh v. Gonzales*, 406 F.3d 611 (9th Cir. 2005), and *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105 (2d Cir. 2005).  In *Oh v. Gonzales, supra*, the Ninth Circuit held that we abused our discretion in finding that we did not have authority to extend the time in which an alien must file his Notice

of Appeal from a Decision of an Immigration Judge (Form EOIR-26) ("Notice of Appeal"). In that case, the Immigration Judge issued his decision on January 10, 2003, triggering the 30-day deadline, and the alien mailed her Notice of Appeal by overnight mail on February 4, 2003.

In *Sun v. U.S. Dep't of Justice*, *supra*, the Second Circuit agreed with the Ninth Circuit that an overnight delivery service's failure to timely deliver a Notice of Appeal can constitute an extraordinary circumstance excusing an alien's failure to comply with the 30-day time limit for filing an appeal. The alien in that case placed his Notice of Appeal with an overnight delivery service 1 day before the deadline for filing the appeal. The court stated that an alien's use of an overnight delivery service is recognized as a way of insuring timely delivery and "strongly suggests to us that the failure of such an effort to achieve timely filing may well, indeed, fall within the realm of the 'extraordinary.'" *Id.* at 111. The court did not find that such an extraordinary circumstance existed in that case, but rather remanded the record for us to reconsider the issue.

In the case now before us, the respondents had until February 12, 2004, to file their Notice of Appeal, and it was not placed in overnight mail until February 10, 2004, at the earliest. The Federal Express tracking slip indicates that it was sent for "Priority Overnight" delivery on February 11, 2004, guaranteed for delivery on February 12, the filing deadline. It was not delivered until February 13, 2004.

The regulations provide that a Notice of Appeal "shall be filed directly with the Board of Immigration Appeals within 30 calendar days" after an Immigration Judge renders a decision. 8 C.F.R. § 1003.38(b) (2006). Furthermore, in cases involving applications for asylum, the time for filing administrative appeals is also set by statute. Section 208(d)(5)(A)(iv) of the Immigration and Nationality Act, 8 U.S.C. § 1158(d)(5)(A)(iv) (2000), provides that "any administrative appeal shall be filed within 30 days of a decision granting or denying asylum, or within 30 days of the completion of removal proceedings before an immigration judge under section 240, whichever is later."

The *Board of Immigration Appeals Practice Manual* ("*Practice Manual*"), http://www.usdoj.gov/eoir/vll/qapracmanual/apptmtn4.htm, which also addresses the issue of filing appeals, emphasizes the importance of timely filings. It clearly states that an appeal or motion is not deemed filed until it is received by the Board and that the Board does not observe the "mailbox" rule. *See id.* § 3.1(a)(i), at 31 (July 30, 2004). As noted by the Ninth Circuit in *Oh v. Gonzales*, *supra*, at 613, the *Practice Manual* encourages parties to use courier and overnight delivery services to ensure timely filing, but it leaves open the possibility that delivery delays could, in "rare circumstances," excuse untimely filings. *Practice Manual*, *supra*, § 3.1(b)(iv), at 34; *see also Zhong*

*Guang Sun v. U.S. Dep't of Justice, supra,* at 111. However, the *Practice Manual* also states that "the Board strongly recommends that parties file as far in advance of the deadline as possible." *Practice Manual, supra,* § 3.1(b), at 33.

Moreover, in two places the *Practice Manual* specifically cautions that use of an overnight delivery service does not mean that failing to meet filing deadlines will be excused. According to § 3.1(a)(iv), "the failure of a courier or overnight delivery service does not excuse parties from meeting filing deadlines." *Id.* § 3.1(a)(iv), at 32. In addition, § 3.1(b)(iv) provides, in pertinent part, as follows:

> **Delays in delivery.**—Postal or delivery delays do not affect existing deadlines, nor does the Board excuse untimeliness due to such delays, except in rare circumstances. Parties should anticipate all Post Office and courier delays, whether the filing is made through first class mail, priority mail, or any overnight or other guaranteed delivery service.

*Id.* § 3.1(b)(iv), at 34.

Thus, although a delivery delay might excuse untimeliness in a rare case, such as where the delivery was very late or caused by "rare" circumstances, the *Practice Manual* makes clear that, in general, such delays do not affect deadlines. The parties cannot point to such delays to excuse untimely filings, but should instead anticipate the possibility that the guaranteed delivery might fail. In a case such as the one before us, where the appeal was placed with an overnight courier service, at most, 48 hours before the filing deadline, we do not find the fact that delivery was a day or 2 past the "guaranteed" date to be a "rare" circumstance that would excuse the late filing. Such delays are not "extraordinary" events.

Meaningful filing deadlines are as critical to the smooth and fair administration of the Board as they are to the courts, particularly given the extraordinary volume of appeals, motions, and other filings that must be efficiently processed, tracked, and adjudicated. In 1996, recognizing the importance of both enforcing such deadlines and simultaneously allowing the parties sufficient time to file appeals, we extended the deadline for filing appeals from 10 days to 30 days. *See* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings; 61 Fed. Reg. 18,900, 18,908 (Apr. 29, 1996) (codified at 8 C.F.R. § 3.38(b) and subsequently recodified at 8 C.F.R. § 1003.38(b)). This is a fair and generous filing period and one that the parties must take seriously. The filing time was not extended to simply "push the window" of last-minute filings 20 days forward.

The Supreme Court has clearly held that filing deadlines must be strictly applied. *United States v. Locke,* 471 U.S. 84 (1985). While recognizing that

such deadlines "necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them," the Court has emphasized that if the deadlines are to have any meaning, they must be enforced. *Id.* at 101. According to the Court, "A filing deadline cannot be complied with, substantially or otherwise, by filing late–even by one day." *Id.*

The regulations governing appeals to the Board, the statute governing administrative appeals in asylum cases, and the authority of the Supreme Court all require that filing deadlines be strictly enforced and thus that appeals be timely filed. Neither the statute nor the regulations grant us the authority to extend the time for filing appeals. We therefore do not agree with the court's suggestion in *Oh v. Gonzales*, *supra*, that we have the authority to extend the appeal time. *See Matter of Ponce de Leon*, 21 I&N Dec. 154, 158 (BIA 1996; A.G., BIA 1997) (stating that we only have such authority as is provided by statute or delegated to us by the Attorney General in the regulations).

Where a case presents exceptional circumstances, the Board may certify a case to itself under 8 C.F.R. § 1003.1(c) (2006). *See generally Matter of J-J-*, 21 I&N Dec. 976 (BIA 1997). However, short delays by overnight delivery services, while certainly not the norm, are not in and of themselves "rare" or "extraordinary" events, and appellants must take such possibilities into account and act accordingly.

In *Oh v. Gonzales*, the untimeliness of the alien's appeal could have been deemed to have resulted from "rare circumstances," which might warrant our taking the case on certification, particularly as that case did not involve an attempted "last-minute" filing. By contrast, the respondents in this case waited until the near "eleventh hour" to place their appeal in the hands of an overnight delivery service. The delivery service missed its guaranteed delivery date by, at most, 2 days, although it appears more likely that it was late by 1 day. Although the respondents missed their appeal deadline by only 1 day, they have not established any "rare" or "extraordinary" events that required waiting until the last day or 2 of the mandated filing period and relying so completely on the delivery company's overnight guarantee.

The respondents' appeal was not timely filed. The circumstances presented are not such that we would consider this case on certification under the provisions of 8 C.F.R. § 1003.1(c). Accordingly, we will again dismiss the appeal as untimely.

**ORDER:** The respondents' appeal is dismissed.