**CHENG FENG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–3804–ag.**

United States Court of Appeals, Second Circuit.

March 2, 2007.

Michael Brown, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, Maine, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Cheng Feng Chen, a native and citizen of the People's Republic of China, seeks review of a July 17, 2006 order of the BIA denying petitioner's motion to reconsider. *In re Cheng Feng Chen,* No. A 97 163 191 (B.I.A. July 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). We will find an abuse of discretion when the BIA applies "a legally erroneous standard." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). The regulation governing the filing of briefs with the BIA explicitly provides an exception to the briefing deadline, stating, "[i]n its discretion, the Board may consider a brief that has been filed out of time." 8 C.F.R. § 1003.3(c).

The BIA distinguished petitioner's claim from the case of *Zhong Guang Sun v. United States Department of Justice,* 421 F.3d 105, 111 (2d Cir.2005), explaining that in *Zhong Guang Sun* the "shipper ... acknowledged an error in delivery." It further found petitioner's case to be distinct because the "airway bill is unsigned" and there is "no evidence that [petitioner] attempted to track delivery of the brief." However, the BIA failed to acknowledge that the petitioner in Zhong Guang Sun failed to timely file the notice of appeal, whereas petitioner here timely filed the appeal and only did not timely file the brief in support of the appeal. This distinction is important because, as noted above, the BIA has the discretion to accept an untimely brief, 8 C.F.R. § 1003.3(c). In contrast, the regulation governing filing of appeals uses mandatory language, 8 C.F.R. § 1003.38(b) (2006), such that "under normal circumstances the BIA cannot hear late-filed appeals," and may only

"hear such appeals in unique or extraordinary circumstances." *Zhong Guang Sun,* 421 F.3d at 108; *see also In re Vladimir Liadov,* 23 I. & N. Dec. 990, 991–92 (B.I.A. 2006) (holding that the BIA does not "have the authority to extend the appeal time," but may "certify a case to itself" where it "presents exceptional circumstances").

The BIA appears to have believed that *Zhong Guang Sun* constrained its ability to accept the untimely brief in this case. This was error, as the "extraordinary circumstances" standard applies only to filings of appeals. We therefore remand this case so that the BIA can consider whether to accept petitioner's brief in the exercise of its discretion.

For the foregoing reasons, the petition for review is GRANTED and REMANDED for further proceedings. Having completed our review, the pending motion for a stay of removal is GRANTED, and the removal order is stayed until the BIA renders a new decision on petitioner's motion. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).