# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-60339

TRAM H N LE

Petitioner

v.

ERIC H HOLDER, JR, US Attorney General

Respondent

---

Petition for Review of an Order of the Board of Immigration Appeals
BIA No. A76 464 377

---

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Board of Immigration Appeals (BIA) denied a motion to reconsider its dismissal, as untimely, for an appeal from the Immigration Judge's (IJ) removal order. Primarily at issue is whether the BIA abused its discretion in refusing to extend the 8 C.F.R. § 1003.38(b) 30-day appeal-filing requirement. DENIED.

## I.

Tram H. N. Le, a citizen of Vietnam, has been in the United States since February 2000, after entry through a K-1 fiancé visa. It required Le to marry

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his fiancé (a United States citizen who petitioned on Le's behalf) within 90 days of arrival or leave the country. *See* 8 U.S.C. § 1184(d). They did not marry, however, until October 2000. (The marriage dissolved in December 2001.)

On 4 May 2006, the U.S. Immigration and Customs Enforcement filed a Notice to Appear (NTA) in the immigration court in Dallas, Texas, charging Le with being removable, pursuant to 8 U.S.C. § 1227(a)(1)(B) (present in violation of law). At an initial hearing on 10 July 2006 before the IJ, Le appeared with counsel, admitted the NTA's allegations, and conceded removability. Because Le waived having an interpreter, the IJ ordered Le's counsel to advise him: the removal hearing was set for 8 September 2006; and failure to appear could result in a removal order's being entered *in abstentia*, absent exceptional circumstances justifying Le's absence. The IJ also mailed Le's counsel a written notice of the hearing date.

Le failed to appear at his 8 September removal hearing. The IJ conducted the hearing, found both no exceptional circumstances justifying Le's absence and removability established as charged, and ordered Le removed to Vietnam.

On 6 October 2006, Le's counsel filed a motion to reopen, claiming Le's failure to appear was due to counsel's failure to advise Le of the removal-hearing date. The IJ ruled: Le failed to establish he was not notified of the removal-hearing date, because he failed to submit an affidavit or statement to that effect; Le's counsel's statements in the motion to reopen were not evidence, under *In re Ramirez-Sanchez*, 17 I. & N. Dec. 503 (BIA 1980); and Le failed to establish sufficient grounds for reopening the proceeding based on ineffective assistance of counsel, under *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988) (requiring an aggrieved party's affidavit, notice to counsel, and opportunity to respond; and

statement whether a complaint has been filed with disciplinary authorities). Accordingly, the motion to reopen was denied by the IJ on 24 November 2006.

Le filed his Notice of Appeal (NOA) with the BIA on 27 December 2006. On 19 January 2007, the BIA dismissed the appeal as untimely, the filing deadline having been 26 December 2006. *See* 8 C.F.R. § 1003.38(b) (must file within 30 days after IJ renders decision). The BIA ruled that, because the appeal was dismissed for lack of jurisdiction, Le could challenge the BIA's timeliness ruling by filing a motion to reconsider with the BIA.

On February 5, Le filed the motion to reconsider, faulting an overnight delivery service for not timely delivering his NOA for filing. Le alleged: his counsel, who had a business account with Federal Express, deposited the NOA in a Federal Express box on Friday, 22 December 2006, at around 3:00 p.m., selecting as the delivery protocol "FedEx Priority Overnight, next business morning"; because of Christmas being on Monday, the NOA, therefore, should have been delivered for filing on Tuesday, 26 December, the last day for doing so timely; but, for "unexplained reasons", the delivery was not made until Wednesday, 27 December, one day past the filing deadline. Le claimed the untimely filing was due to "exceptional circumstances beyond the control of [Le] and his counsel"; and, therefore, the BIA should allow Le to proceed with his appeal from the IJ's denial of his motion to reopen.

Le's motion for reconsideration was denied on 30 March 2007. The BIA stated: the NOA-filing deadlines in 8 C.F.R. § 1003.38(b) are strict; and it did not have the authority to extend the deadline. Further, relying on *In re Liadov*, 23 I. & N. Dec. 990 (BIA 2006), the BIA declined to certify the untimely appeal to itself, ruling that,

while the Board encourages the use of overnight, express mail delivery services, it recommends that parties file as far in advance of the deadline as possible because short delays in delivery are to be expected and do not warrant consideration of an untimely appeal on certification.

## II.

Denials of motions for reconsideration are reviewed for abuse of discretion. *E.g.*, *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005). The BIA's decision will be affirmed so long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

Deadlines for filing an appeal with the BIA are not found in the Immigration and Nationalization Act (INA); they are set by the BIA's regulations. Along that line, although the BIA's legal conclusions are reviewed *de novo*, its interpretations of its regulations are entitled to deference. *Id*. To be entitled to such deference, the BIA's "interpretation must rationally flow from the language of the regulation". *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675 (5th Cir. 2003).

Le claims the BIA abused its discretion in denying his motion to reconsider because the 30-day deadline is subject to exceptions in "rare circumstances". In doing so, Le relies on the BIA's Practice Manual. Although that manual warns that "[p]ostal or delivery delays do not affect existing deadlines, nor does the [BIA] excuse untimeliness due to such delays, *except in rare circumstances*", it encourages the use of overnight delivery services and specifically lists Federal Express as such a service. BIA Practice Manual, ch. 3 (emphasis added). Le maintains his following the BIA's recommendations in its Practice Manual (and

4

his being "misled into relying on the recommended overnight delivery service and on the 'rare circumstances' exception") qualifies him for relief from late filing "as a unique and rare circumstance". Le asserts the BIA should have considered whether Le was eligible for such relief, and provided a "reasoned explanation" in the event it rejected Le's excuse for untimely filing.

Citing the Ninth Circuit's decision in *Oh v. Gonzales*, 406 F.3d 611 (9th Cir. 2005), Le also claims the BIA abused its discretion in misconstruing the jurisdictional nature of its filing deadline. Finally, in conclusory terms, Le claims the BIA abused its discretion in holding his untimely filing did not warrant consideration of an untimely appeal on certification, under 8 C.F.R. § 1003.1(c).

The Government counters that there was no abuse of discretion: the BIA's concluding it did not have the authority to extend the filing deadline, but that it could certify an untimely appeal to itself in rare circumstances, was reasonable and entitled to deference. Regarding the BIA's 8 C.F.R. § 1003.1(c) certification authority, the Government claims our court lacks jurisdiction to review the self-certify denial because there is no meaningful standard against which to judge the BIA's discretion. Finally, the Government maintains that, even if jurisdiction exists for our review, there was no abuse of discretion in the self-certify denial because Le's last-minute filing did not qualify as a "rare circumstance" to excuse his missing the filing deadline.

A.

The pertinent portion of 8 C.F.R. § 1003.38(b) provides:

The [NOA] to the [BIA] of Decision of [the IJ] . . . *shall be filed* directly with the [BIA] *within 30 calendar days* after the stating of an [IJ]'s oral decision or the mailing of an [IJ]'s written decision. If

the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.

8 C.F.R. § 1003.38(b) (emphasis added).

Further, § 1003.38(c) states that the "date of filing of the [NOA] . . . shall be the date the Notice is received by the Board". Therefore, the plain language of § 1003.38, providing for a mandatory 30-day filing deadline, does not authorize the BIA to consider late appeals in "rare circumstances". (Nor is such authority found in the INA.)

The BIA's Practice Manual, however, which provides official guidance on filing procedures and requirements for practice before the BIA, states that, in "rare circumstances", the BIA may excuse untimeliness due to delays in delivery. The relevant parts of the manual provide:

> Given the importance of timely filing, the [BIA] encourages parties to use courier and overnight delivery services, whenever appropriate, to ensure timely filing. However, the failure of a courier or overnight delivery service does not excuse parties from meeting filing deadlines.
>
> . . .
>
> Because filings are date-stamped upon arrival at the [BIA], the [BIA] strongly recommends that parties file as far in advance of the deadline as possible and, whenever possible, use overnight delivery couriers (such as Federal Express, United Parcel Service, Airborne Express, DHL) to ensure timely receipt.
>
> . . .
>
> **Delays in delivery.** – *Postal or delivery delays do no affect existing deadlines, nor does the [BIA] excuse untimeliness due to such delays, except in rare circumstances.* Parties should anticipate all Post Office and courier delays, whether the filing is made through first class mail, priority mail, or any overnight or other guaranteed delivery service. Delays caused by incorrect postage or mailing error by the sending party do not affect existing deadlines.

BIA Practice Manual, ch. 3 (emphasis added).

6

As noted, Le's abuse-of-discretion assertion is based primarily on *Oh,* 406 F.3d at 613. There, an IJ found the petitioner removable on 10 January 2003. *Id.* at 612. On 4 February 2003, using an overnight-delivery service, Oh's counsel sent the NOA to the BIA; but, it did not arrive until 24 February 2003. *Id.* Noting that it did not have the authority to extend the time to file an NOA, the BIA rejected it as untimely, and subsequently denied Oh's motion for reconsideration. *Id.* at 612-13. The BIA also declined to exercise its power to reconsider *sua sponte*. *Id.* at 613.

The Ninth Circuit granted the petition for review and remanded. *Id.* at 614. Reading the time-for-filing regulation in conjunction with the Practice Manual, the court concluded that the "BIA's deadline is . . . subject to exceptions in 'rare circumstances,' even when the [NOA] does not actually arrive before the deadline". *Id.* at 613. Turning to the merits of Oh's claims, the court found that, by following the BIA's recommendations, Oh appeared to qualify for relief from late filing "as a unique or rare circumstance–or at least to be considered for such relief, with some reasoned explanation should the BIA reject her proffered excuse". *Id.* Because the BIA's denying Oh's reconsideration motion appeared to have been "predicated entirely on misconstruction of the jurisdictional nature of its own filing deadline", *id.*, the court remanded, "to allow the BIA to exercise its discretion as to whether to accept Oh's late-arriving [NOA] as a 'rare circumstance'", *id.* at 614. The court also declined to accept the BIA's "cryptic statement" that it would not reconsider its decision *sua sponte* because the BIA's "legal error appear[ed] to have constrained its understanding of its discretionary authority as well". *Id.*

7

The same year as *Oh* was decided, the Second Circuit reached a similar conclusion in *Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105 (2d Cir. 2005). There, the day before the deadline, and using an overnight-delivery service, petitioner's counsel sent the NOA to the BIA. *Id*. at 106. It arrived five days late. *Id*. Accordingly, the BIA dismissed the appeal as untimely, and denied a motion to reconsider, noting: "the regulations set strict deadlines for the filing of an appeal, and the [BIA] does not have the authority to extend the time in which to file a[n NOA]". *Id*. at 107 (emphasis in original removed).

The Second Circuit granted the petition for review and remanded to the BIA. *Id*. at 111. Relying on the judicially-created exception to the BIA's filing-deadline requirements and the BIA's recommendations in its Practice Manual, the court held: although, "under normal circumstances[,] the BIA cannot hear late-filed appeals, it may hear such appeals in unique or extraordinary circumstances". *Id*. at 108. The court reasoned: because, in denying the reconsideration motion, "the BIA did not acknowledge the existence of any basis on which the running of the limitation for filing a[n NOA] might be excused", the BIA implied that, "under *no* circumstances[,] does the BIA have the ability to hear an untimely appeal". *Id*. at 111 (emphasis in original). Accordingly, remand was necessary for the BIA to consider whether the overnight-delivery service's failure to provide timely delivery was a unique or extraordinary circumstance, excusing the late filing. *Id*.

In *Liadov*, 23 I. & N. Dec. at 990, the petitioners placed their NOA to the BIA in overnight mail two days before the filing deadline; it arrived one day late. *Id*. at 991. The BIA dismissed the appeal as untimely, and denied the Liadovs' motion to reconsider. *Id*. at 990. The Eighth Circuit remanded to the BIA for

further consideration in the light of *Oh*, 406 F.3d at 611, and *Sun*, 421 F.3d at 105. *Id.*

On remand, the BIA again ruled that it lacked authority to extend the time for filing appeals, reaffirming that the statutes and regulations governing administrative appeals to the BIA did not grant the BIA such authority, and expressly disagreeing with the court in *Oh*. *Id.* at 993. The BIA underscored its point by quoting the Practice Manual's provisions cautioning that the use of an overnight-delivery service did not mean that missing deadlines would be excused. *Id.* at 991-92. Regarding the manual, the BIA stated: "[A]lthough a delivery delay might excuse untimeliness in a rare case, such as where the delivery was very late or caused by 'rare' circumstances, the *Practice Manual* makes clear that, in general, such delays do not affect deadlines". *Id.* at 992 (emphasis in original). The BIA concluded that delivery one or two days past the "guaranteed" date was not a "rare" circumstance that would excuse the Liadovs' untimely filing. *Id.* Finally, the BIA declined to certify the appeal to itself under 8 C.F.R. § 1003.1(c) because, unlike *Oh*, where the untimeliness of the petitioner's appeal could have warranted the BIA's taking the matter on certification, the Liadovs "waited until the near 'eleventh hour' to place their appeal in the hands of an overnight delivery service". *Id.* at 993.

The Liadovs again petitioned for review; but, in this instance, the Eighth Circuit denied the petition. *Liadov v. Mukasey*, 518 F.3d 1003, 1012 (8th Cir. 2008). Examining the legislative history of the Immigration Act of 1990, Pub. L. 101-649, § 545(d), 104 Stat. 4978, 5066, authorizing the BIA to review removal orders, the court concluded that a mandatory time limit for filing appeals was not intended. *Id.* at 1008-09. Accordingly, the court reviewed the BIA's

declaration that the time limit was "jurisdictional" under the "customary deferential standards for reviewing administrative actions". *Id.* at 1008. Because the BIA had been consistent in construing 8 C.F.R. § 1003.38(b) as mandatory "for more than fifty years", and in the light of the Supreme Court's and Congress' adopting strict filing deadlines "that serve the agency's interests in effective and efficient administration", the court stated it would not be an abuse of the BIA's "substantial procedural discretion" to interpret the regulatory time limit as truly mandatory. *Id.* at 1009-10 (absent a due process violation).

Regarding the BIA's power to self-certify under 8 C.F.R. § 1003(c), the court held: given the BIA's steadfast position that the time limit was mandatory, and given the lack of a settled course of adjudication involving the BIA's self-certification authority, "the BIA's refusal to self-certify was an unreviewable action committed to the agency's discretion". *Id.* at 1011. Alternatively, the court held that, even if the self-certify denial was subject to judicial review, there was no abuse of discretion. *Id.* at 1011-12.

As discussed, the BIA's stating that it does not have the authority to extend deadlines under 8 C.F.R. § 1003.38(b) is not entirely consistent with its recommendations in the Practice Manual and its decision in *Liadov*. *See Liadov*, 23 I. & N. Dec. at 992 ("[A]lthough a delivery delay might excuse untimeliness in a rare case, such as where the delivery was very late or caused by 'rare' circumstances, the Practice Manual makes clear that, in general, such delays do not affect deadlines".); BIA Practice Manual, ch. 3 ("Postal or delivery delays do not affect existing deadlines, nor does the [BIA] excuse untimeliness due to such delays, except in rare circumstances."). Further, it is unclear what persuasive value, if any, *Oh* and *Sun* and their reliance on the judicially-created exception

to the BIA's mandatory-deadline rulings, retain in the light of the BIA's position in *Liadov*.

In any event, we need not resolve whether the BIA's interpretation of § 1003.38(b) is reasonable because, assuming, *arguendo*, that the BIA has the authority to extend deadlines in "rare circumstances" under § 1003.38(b) (in addition to having the authority to self-certify under § 1003.1(c)), it was not an abuse of discretion not to excuse Le's untimeliness. Le's NOA was not deposited with Federal Express until 3:00 p.m. on the last business day before it was due, during "the busiest mailing time of the year". *Sun*, 421 F.3d at 110 n.8 (citing *Reinsurance Co. of Am., Inc. v. Administratia Asigurarilor de Stat*, 808 F.2d 1249, 1253 (7th Cir. 1987)). Needless to say, delays in delivery during Christmas time are not uncommon.

## B.

In summarizing his claims in his brief, Le states that "the BIA abused its discretion in holding [his] untimely filing of his NOA does not warrant consideration of an untimely appeal on certification". In support, Le quotes only one sentence from *Oh*. Relying on *Liadov*, 518 F.3d at 1011, the Government responds, *inter alia*, that we do not have jurisdiction to consider the BIA's refusal to self-certify because it was "an unreviewable action committed to the agency's discretion".

As discussed, the Eighth Circuit in *Liadov* held it was not an abuse of discretion to treat the 8 C.F.R. § 1003.38(b) filing deadline as truly mandatory. *Id.* Implicit in the court's holding is that the only source of the BIA's authority to revive a late-filed appeal comes from its self-certification power under

11

§ 1003.1(c). *See id.* (also noting the authority to reopen/reconsider *sua sponte* under 8 C.F.R. § 1003.2(a)). In any event, because, as noted, this self-certification issue is not sufficiently briefed, it is deemed abandoned. Therefore, we do not consider it. *E.g.*, *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

## III.

For the foregoing reasons, the petition for review is DENIED.