FILED
United States Court of Appeals
Tenth Circuit

August 18, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JUAN TALAMANTES-ROJO;
ASUNCION ROMERO-NUNEZ,

Petitioners,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

Respondent.

No. 08-9585
(Petition for Review)

ORDER AND JUDGMENT[**]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Juan Talamantes-Rojo and Asuncion Romero-Nunez, natives and citizens of

Mexico, petition for review of an order of the Board of Immigration Appeals

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr., is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(BIA or Board) denying their motion to reconsider. We dismiss the petition for lack of jurisdiction.

## BACKGROUND

Petitioners, who are married, entered the United States in 1991. In May 2006, during a merits hearing before an IJ, they filed applications for cancellation of removal under 8 U.S.C. § 1229b(b)(1), claiming their removal "would result in exceptional and extremely unusual hardship," *id.* § 1229b(b)(1)(D), to their United States-citizen son, James. A clinical psychologist testified during the hearing and, as noted by the IJ, opined that "James has Attention Deficit and Hyperactive Disorder . . . that may cause emotional damage and psychological problems as [he] grows older." Admin. R. at 143. The psychologist also stated, again, as noted by the IJ, that James's parents "would have difficulty locating proper treatment for their son," and that "treatment [in Mexico would] certainly be beyond their financial means." *Id.*[1] On December 22, 2006, the IJ denied cancellation of removal because petitioners failed to sustain their burden of showing exceptional and extremely unusual hardship to James. In so holding, the IJ found the evidence was "not entirely consistent or compelling regarding the severity of the child's disorder" nor was it "conclusive regarding any treatment or

---

[1]     We rely on the IJ's observations because the administrative record does not contain a transcript of the hearing. *See* Pet'rs Br. at 3 n.5 (explaining that because petitioners did not timely appeal the IJ's decision to the BIA, the BIA "did not transcribe [the] proceedings before the IJ").

the intensity of any treatment which [he] may need in the future." *Id.* at 144. The IJ did, however, grant petitioners' request for voluntary departure.

Petitioners did not file a timely notice of appeal with the Board as required by 8 C.F.R. § 1003.38(b). But on August 6, 2007, after retaining *new* counsel, they filed an untimely notice of appeal and a motion urging the BIA to accept their late appeal. Petitioners characterized this motion as a motion to reopen, stating that it was brought pursuant to *In re Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) (holding that ineffective assistance of counsel is a valid ground for reopening when it prevented an alien "from reasonably presenting his case"). *See Chedid v. Holder*, ___ F.3d ___, 2009 WL 2100615, at *5 n.4 (1st Cir. 2009) (observing that the *Lozada* standard still governs). In the motion, petitioners asserted that their former attorney's performance was constitutionally ineffective. Specifically, they claimed they were prejudiced by his failure to file a timely notice of appeal with the Board and to marshal additional evidence, and that his omissions rendered the proceedings fundamentally unfair. To remedy the situation, they proposed, as best we can discern, that the BIA: accept the late appeal under its certification authority, 8 C.F.R. § 1003.1(c); equitably toll the 90-day period applicable to motions to reopen[2] and reopen the proceedings,

---

[2]     *See Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005) (observing that although a "motion to reopen removal proceedings (whether before the Board or the Immigration Judge) . . . [shall] be filed no later than 90

(continued...)

-3-

*id.* § 1003.2(c); or sua sponte reopen the proceedings, *id.* § 1003.2(a).  They also

sought a stay of removal and asked that their voluntary departure date be tolled.

On April 23, 2008, the BIA declined to certify the appeal and dismissed it

as untimely under 8 C.F.R. § 1003.38(b) and (c).  Specifically, the BIA held:

> [T]he appeal deadline [in § 1003.38(b)], which is jurisdictional, is not subject to equitable tolling.[3]  Moreover, even if we were to take jurisdiction of this appeal by certification, the respondents have not established that their former counsel's failure to timely appeal resulted in sufficient prejudice to warrant consideration of the appeal on the basis of ineffective assistance of counsel.  The respondents do not appear to be statutorily eligible for cancellation of removal.  In addition, the Department of Homeland Security extended the deadline for voluntary departure to September 28, 2007, which negated the prejudice caused by prior counsel's failure to timely post the voluntary departure bond.

Admin. R. at 55 (citations and quotation omitted).

Petitioners did not petition for judicial review of the BIA's decision.  But

they did file a timely motion to reconsider the April order.[4]  In it, they asked the

BIA to reconsider its decision not to certify the appeal; in particular, they claimed

---

[2](...continued)
days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened . . . [t]he 90-day period may be extended . . . by equitable tolling" (citation and quotation omitted)).

[3]       *But see Huerta v. Gonzales*, 443 F.3d 753, 755 (10th Cir. 2006) (holding appeal deadline in § 1003.38(b) to be "mandatory but *not* jurisdictional" (emphasis added)).

[4]       A motion to reconsider is available to raise "errors of fact or law" in the BIA's prior decision and must be supported by "pertinent authority."  8 C.F.R. § 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C).

the BIA's decision not to certify was erroneous because it was premised on a faulty finding that petitioners were statutorily ineligible for cancellation of removal, and that this finding yielded an incorrect determination that "counsel's error in not timely filing an appeal was harmless." *Id.* at 17 (quotation omitted). Next, they asserted that their "motion to reconsider . . . [was] timely and it may very well also be equitably tolled under Tenth Circuit precedent." *Id.* at 19 (citing *Galvez Pineda*, 427 F.3d at 838, *and Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002) (holding that the 90-day regulatory deadline for filing a motion to reopen may be equitably tolled)).[5]  They also asserted that the BIA should sua sponte reopen proceedings pursuant to 8 C.F.R. § 1003.2(a).  Finally, petitioners reiterated their request that the BIA toll their voluntary departure date.

On November 21, 2008, the BIA denied petitioners' motion to reconsider. Specifically, the BIA held:

> We find no reason to disturb our prior decision.  *See* 8 C.F.R. § 1003.2[(b)(1)]; *see Matter of O-S-G-*, 24 I & N Dec. 56 (BIA 2006). . . .  [T]he respondents do not, in their motion, dispute the fact that their appeal was filed 6 months late.  Rather, [they] argue that the Board erred in its previous decision by stating that the respondents had failed to demonstrate prejudice because they do not appear to be statutorily eligible for cancellation of removal.  We find any alleged error in this statement to be harmless, and continue to find that the respondents have not shown prejudice from any alleged

---

[5]     This assertion makes little sense.  Petitioners' motion for reconsideration was timely.  Yet they argue that it should be equitably tolled, and in support, cite authority holding that the deadline for filing a motion to reopen may be equitably tolled.

ineffective assistance of counsel. The Immigration Judge determined that the respondents had failed to demonstrate that their departure would result in exceptional and extremely unusual hardship to a qualifying relative. The respondents' arguments, in both their initial appeal and the pending motion, fail to persuade us to disturb that decision. Accordingly, the motion to reconsider is denied.

Admin. R. at 2 (citations omitted). This petition for review followed.

## DISCUSSION

Much of petitioners' appellate brief challenges the BIA's April order declining to certify their appeal and dismissing it as untimely. But petitioners failed to file a petition for review from that decision within thirty days as required by 8 U.S.C. § 1252(b)(1), and we therefore lack jurisdiction to review it. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004); *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam).

Thus, we turn to the BIA's denial of petitioners' motion to reconsider. Generally we have jurisdiction to consider the denial of a motion to reconsider, *Infanzon*, 386 F.3d at 1361; *Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003), and review such a decision for an abuse of discretion, *see Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003). In this case however—as detailed below—our jurisdiction is lacking.

Petitioners argue that the BIA should have equitably tolled the regulatory deadline for filing an appeal with the BIA. But we have no jurisdiction to consider this argument because petitioners did not raise it in their motion to

-6-

reconsider. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007) ("[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA."). We likewise are without jurisdiction to consider petitioners' argument, to the extent they make one, that the BIA abused its discretion by not reconsidering its determination concerning DHS's extension of the deadline for voluntary departure. Again, this argument was not raised in their motion to reconsider and it is therefore beyond our review. *See id.*

Petitioners also argue that the BIA abused its discretion by denying reconsideration of its prior determination not to certify their late appeal. But because we cannot review the BIA's decision not to certify the untimely appeal in the first instance, *Mahamat v. Gonzales*, 430 F.3d 1281, 1284 (10th Cir. 2005), we also cannot review the BIA's decision denying reconsideration of that determination, *Infanzon*, 386 F.3d at 1362 ("[W]here judicial review of the underlying order is precluded[,] . . . denial of a subsequent motion to reopen [or reconsider is] also precluded."). Finally, in so far as petitioners claim the BIA abused its discretion by not exercising its sua sponte authority pursuant to 8 C.F.R. § 1003.2(a), we are without jurisdiction to consider this claim as well. *Belay-Gebru*, 327 F.3d at 1000-01 (observing that the "decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion" and is therefore "not subject to judicial review" (quotation omitted)).

-7-

## CONCLUSION

We DISMISS the petition for review for want of jurisdiction.

Entered for the Court

Deanell Reece Tacha
Circuit Judge