# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2019

Lyle W. Cayce
Clerk

No. 17-60559
Summary Calendar

ABDULKARIM WARSAME MOHAMED,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 763 046

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Abdulkarim Warsame Mohamed petitions this court to review a decision by the Board of Immigration Appeals (BIA) concluding that his appeal of an order of removal was untimely. The decision also explained, in response to a request by Mohamed for assistance filing a motion to reopen, that such a motion must be filed with the immigration judge in light of Mohamed's failure to timely appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60559

For the first time in his pro se petition to this court, Mohamed offers several reasons why he missed the 30-day deadline for filing an appeal before the BIA:  because he did not have the transcript and could not appeal without it, he did not know what an appeal was, no one informed him of the deadline, he was in shock over the denial of his asylum request, and the Government waived his right to appeal.  We liberally construe these assertions as arguing that the BIA should have exercised its discretion to consider the untimely appeal.  *See, e.g.*, *Le v. Holder*, 340 F. App'x 201, 204-07 (5th Cir. 2009).  Additionally, for the first time, Mohamed asserts that changes in the conditions within his home country of Somalia since 2018 have made it more dangerous for him to return.

We do not review an order by the BIA unless "the alien has exhausted all administrative remedies available to [him] as of right."  8 U.S.C. § 1252(d)(1); *see also Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Failure to exhaust an issue creates a jurisdictional bar as to that issue.").  An alien fails to exhaust administrative remedies for an issue when that issue "is not raised in the first instance before the BIA--either on direct appeal or in a motion to reopen."  *Roy*, 389 F.3d at 137 (internal quotation marks and citation omitted).

Because Mohamed did not exhaust the issues raised in his petition for review, it is **DISMISSED**.