**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE MOLINA DOMINGUEZ,

      Petitioner,

v.

MERRICK GARLAND, United States
Attorney General,*

      Respondent.

No. 20-9574
(Petition for Review)

_____

**ORDER AND JUDGMENT**\*\*
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.\*\*\*
_____

Jose Molina Dominguez, a native and citizen of Mexico, petitions this court to

review the Board of Immigration Appeals' (BIA's) dismissal of his Motion to

Reconsider. We lack jurisdiction to consider his petition for review.

---

\* In accordance with Rule 43(c)(2) of the Federal Rules of Appellate
Procedure, Merrick Garland is substituted for Jeffrey A. Rosen, as the respondent in
this action.

\*\* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

\*\*\* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.

## BACKGROUND

Molina Dominguez remained in the United States without authorization after his border crossing card expired. So the Department of Homeland Security initiated removal proceedings against him. In April 2019, Molina Dominguez sought cancellation of his removal, or, in the alternative, voluntary departure. At a September 2019 hearing, an immigration judge granted his request for voluntary departure but denied his application for cancellation of removal after finding that Molina Dominguez had failed to meet the continuous-physical-presence requirement.

Molina Dominguez had thirty days to file a notice of appeal, that is, until October 24, 2019. But he missed the deadline. The BIA received his filing on November 13, 2019. In his Notice of Appeal, he acknowledged being untimely and moved for the BIA to accept his untimely appeal. As his excuse, Molina Dominguez blamed his delay on needing time to obtain the filing fee, after which his attorney worked quickly to file the notice of appeal. In January 2020, the BIA summarily dismissed his appeal as untimely and denied his "request that the appeal be taken as timely." Admin. R. at 22. The record reflects that he didn't seek judicial review of this order.

Instead, in February 2020, Molina Dominguez filed a motion with the BIA to reconsider. He argued that the BIA had failed to consider his motion or explain its denial of his appeal. Molina Dominguez again blamed his financial issues for his untimely filing. In June 2020, the BIA denied his motion for reconsideration. In so doing, it noted that Molina Dominguez's asserted problems raising funds for the

2

filing fee neither suffced to grant his motion nor qualified as an "extraordinary event" warranting that the appeal proceed on certification. *Id.* at 3 (citing *In re Liadov*, 23 I. & N. Dec. 990 (BIA 2006)). This petition for review followed.

## DISCUSSION

In moving for reconsideration, a petitioner must demonstrate how the BIA has "erred as [a] matter of law or fact." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1363 n.4 (10th Cir. 2004) (citing *Zhang v. INS*, 348 F.3d 289, 293 (1st Cir. 2003)); *see also* 8 U.S.C. § 1229a(c)(6)(C) (noting that a motion to reconsider must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority"). We review BIA denials of motions to reconsider for an abuse of discretion. *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015) (citation omitted).

Addressing the June 2020 denial of his Motion to Reconsider, Molina Dominguez argues that the BIA abused its discretion by failing to evaluate the relevant facts and provide reasons for its decision. Generally, we have jurisdiction to review the BIA's denial of a motion to reconsider. *Id.* at 993 n.11 (citing *Infanzon*, 386 F.3d at 1361). But we lack jurisdiction to do so when we lack jurisdiction over the underlying order. *Infanzon*, 386 F.3d at 1362 (citations omitted); *see also Talamantes-Rojo v. Holder*, 341 F. App'x 462, 466 (10th Cir. 2009) (unpublished) (determining that the court lacked jurisdiction to review a motion to reconsider when it lacked jurisdiction to review the underlying order declining to certify petitioners' late appeal). Such is the case here.

3

In denying Molina Dominguez's motion to reconsider, the BIA was called on to review its earlier decision declining to certify Molina Dominguez's untimely appeal. Under 8 C.F.R. § 1003.1(c) (2019), the BIA has discretion to review an appeal "by certification without regard to the [notice] provisions . . . if it determines that the parties have already been given a fair opportunity to make representations before the [BIA] regarding the case."[1] In this limited circumstance, the BIA can "avoid[] an untimeliness problem by dismissing an untimely appeal and accepting the case on certification." *Mahamat v. Gonzales*, 430 F.3d 1281, 1284 (10th Cir. 2005) (quoting *Shamsi v. INS*, 998 F.2d 761, 762 n.2 (9th Cir. 1993)).

But "we do not ordinarily review [the BIA's] exercise of discretion." *Martinez-Perez v. Barr*, 947 F.3d 1273, 1277 (10th Cir. 2020) (citation omitted). And the BIA's discretionary decision to deny certification is no exception. *Mahamat*, 430 F.3d at 1284. That's because we have no standards by which to judge the BIA's discretion in its declining to certify an untimely filing. *Id.* (citations omitted); *see also Infanzon*, 386 F.3d at 1361 (ruling that this court lacked jurisdiction to consider whether the BIA should have reopened proceedings sua sponte "because there are no standards by which to judge the agency's exercise of discretion" (citation omitted)). And "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'" *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

---

[1] Following the BIA's order, the C.F.R. updated the text of § 1003.1(c) such that it no longer contains this language.

Because we lack jurisdiction over the BIA's denial of certification, we also lack jurisdiction over the BIA's decision denying reconsideration of that matter. *See Infanzon*, 386 F.3d at 1362 ("[W]here judicial review of the underlying order is precluded[,] . . . denial of a subsequent motion to reopen [is] also precluded." (citations omitted)). In *Talamantes-Rojo*, we decided a nearly identical issue. 341 F. App'x at 466. There, the petitioners sought review of the BIA's denial of a motion to reconsider its decision not to certify their late appeal. *Id.* We determined that because we couldn't "review the BIA's decision not to certify the untimely appeal in the first instance, we also [couldn't] review the BIA's decision denying reconsideration of that determination." *Id.* (internal citations omitted).

Likewise, here, the BIA's denial of reconsideration is beyond our review because we lack jurisdiction over the underlying issue of certifying Molina Dominguez's untimely appeal. *See id.* As such, we lack the authority to consider whether the BIA abused its discretion. *See id.* We also lack jurisdiction regarding Molina Dominguez's claims that the BIA abused its discretion by not exercising its sua sponte authority under 8 C.F.R. § 1003.2(a) to reconsider the matter. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000–01 (10th Cir. 2003) ("[T]he decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion. Therefore, the very nature of the claim renders it not subject to judicial review." (alteration in original) (citation omitted)).

**CONCLUSION**

We DENY the petition for review based on our lack of jurisdiction.

Entered for the Court

Gregory A. Phillips
Circuit Judge