# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60629
Summary Calendar

Olasupo Fatubaro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 990 809

Before Jones, Haynes, and Oldham, *Circuit Judges*.
Per Curiam:*

Olasupo Fatubaro, a native and citizen of Nigeria, timely petitions us for review of the Board of Immigration Appeals' (BIA) denial of his motion to reconsider.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

We review the denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Under this standard, Fatubaro must identify either a "change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005)). The BIA's decision will stand unless it was "capricious, racially invidious [or] utterly without foundation in the evidence." *Id.* (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)). Fatubaro does not argue that the motion was timely received, and the BIA does not have a mailbox rule. *See Matter of Liadov*, 23 I. & N. Dec. 990, 991-93 (BIA 2006).

We lack jurisdiction to consider Fatubaro's arguments. To the extent he argues that his motion should not have been denied for timeliness after being rejected for improper service and that his motion should have been equitably tolled, these arguments are unexhausted. *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). Fatubaro also argues that the BIA should not have declined to exercise its sua sponte authority because he did not ask for this relief, and that it should not have applied the departure bar when denying sua sponte relief, but we lack jurisdiction to review the exercise of that authority. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 207 (5th Cir. 2017). We also note that he argues the merits of his motion, but without jurisdiction we have no basis to consider that argument.

DISMISSED.