[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11011

Non-Argument Calendar

_____

YANG ZHANG,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-016-404

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Yang Zhang, a native and citizen of China proceeding *pro se,* seeks review of: (1) the immigration judge's (IJ) 2020 denial of his applications for asylum pursuant to 8 U.S.C. § 1158(a), withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c); (2) the Board of Immigration Appeals' (BIA) 2021 summary dismissal of his administrative appeal from the IJ's order; and (3) the BIA's 2022 denial of his motion to reopen and reconsider that dismissal. The Government moves for summary disposition, arguing because this Court lacks jurisdiction in certain respects, and the BIA's denial of Zhang's motion to reopen and reconsider was not otherwise an abuse of discretion, denial of Zhang's petition for review is warranted.

## I.  PROCEDURAL HISTORY

Following a hearing, the IJ denied Zhang's applications for asylum, withholding of removal, and CAT relief. The IJ issued a removal order to this effect on November 16, 2020. Zhang, through counsel, administratively appealed the IJ's decision, but the BIA did not receive his appeal until December 21, 2020. In November 2021, the BIA summarily dismissed Zhang's appeal because he did not file it within 30 days, as required.

Zhang did not immediately file a petition for review with this Court. Instead, he moved the BIA to reopen his removal proceedings and reconsider his appeal. He admitted he untimely filed the administrative appeal on December 21, 2020, but asserted he mailed the appeal, via United States Postal Service Priority Mail on December 10, 2020, with an expected delivery date of December 14, 2020. Zhang acknowledged the Postal Service delays did not affect existing deadlines, but asked the BIA to consider the delay and excuse the missed deadline. In support, he attached documentation showing he sent the notice of administrative appeal on December 10, 2020, via two-day Priority Mail.

The BIA denied Zhang's motion to reopen and reconsider in March 2022. It determined reconsideration was unwarranted because there was no factual or legal error in its 2021 decision. Next, it noted the post-deadline delivery of Priority Mail, which was neither an overnight nor guaranteed service, was not an exceptional circumstance. Finally, it noted Zhang had presented no appropriate bases for *sua sponte* reconsideration. Shortly thereafter, Zhang filed a *pro se* petition for review with this Court, asking that we "overturn" the BIA's decisions regarding asylum, withholding of removal, and CAT relief or, in the alternative, remand the case to the agency for reopening and consideration.

## II.  DISCUSSION

### A.  IJ's 2020 Decision and BIA's 2021 Decision

A petition for review of an order of removal must be filed no later than "30 days after the date of the final order of removal." 8 U.S.C. 1252(b)(1).  An order of removal is final when the BIA affirms the order or when the time to appeal the order to the BIA expires, whichever is earlier.  8 U.S.C. § 1101(a)(47)(B).  A statutory provision that specifies the timing of judicial review for immigration proceedings is jurisdictional, and not subject to equitable tolling.  *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995).  "[T]he filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case."  8 C.F.R. § 1003.2(f).

Zhang filed his petition for review more than 30 days after the BIA's 2021 dismissal of his appeal from the IJ's 2020 denial of asylum and related relief.  8 U.S.C. 1252(b)(1).  His motion to reopen and reconsider did not toll the time for him to file a petition for review from the BIA's 2021 decision.  *Stone*, 514 U.S. at 395 (explaining the filing of a motion to reopen "does not toll the time to petition for review").  Thus, we lack jurisdiction to consider Zhang's challenge to the IJ's underlying denial of asylum, withholding of removal, and CAT relief, and the BIA's dismissal of his related appeal, because he filed his present petition for review more than 30 days after the BIA's dismissal.

## B. BIA's 2022 Decision

A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). Motions to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

A notice of administrative appeal must be filed with the BIA within 30 calendar days of the mailing of the IJ's decision. 8 C.F.R. § 1003.38(b). The notice of appeal is deemed filed on the date that it is received by the BIA. *Id.* § 1003.38(c). An appeal is not considered properly filed unless it is received by the BIA, along with all required documents, within the 30-day window. *Id.* § 1003.3(a)(2). The BIA has the discretion to summarily dismiss an appeal where the appeal is untimely. *Id.* § 1003.1(d)(2)(i)(G).

We have jurisdiction to review the BIA's 2022 denial of Zhang's motion to reopen and reconsider, but the record shows the BIA did not abuse its discretion in that respect. 8 U.S.C. § 1229a(c)(6)(C); 8 U.S.C. § 1229a(c)(7)(B); *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242-43 (11th Cir. 2013) (reviewing the BIA's denial of a motion to reconsider for abuse of discretion); *Li v. U.S. Atty. Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007) (reviewing the denial of a motion to reopen for abuse of discretion). There is no abuse of discretion because: (1) Zhang's counsel conceded the notice of appeal to the BIA was untimely; (2) counsel cited no legal errors, factual errors, or new facts in his administrative appeal; and

(3) Zhang does not dispute the BIA appeal was untimely in his petition for review.  8 C.F.R. § 1003.38(b), (c).  Moreover, Zhang has abandoned any challenge to the BIA's holding that a delay in mail service was not an exceptional circumstance but, even if he had preserved the argument, a delivery service delay is not an exceptional circumstance.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating issues not briefed on appeal are deemed abandoned); s*ee Matter of Liadov*, 23 I. & N. Dec. 990, 993 (BIA 2006) (providing short delays by delivery services are not "rare" or "extraordinary").

Zhang did not exhaust, before the BIA, his arguments that: (1) his counsel was ineffective for using Priority Mail; or (2) the IJ and BIA deprived him of due process.  Thus, we lack jurisdiction to consider those points.  *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (stating we lack jurisdiction to consider claims, including procedural due process claims, raised in a petition for review unless the petitioner has exhausted all administrative remedies related to that claim).

Thus, the Government's position is clearly correct as a matter of law, no substantial question remains as to the outcome of the case, and summary disposition is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (stating

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1989) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

22-11011              Opinion of the Court                  7

summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). Accordingly, we **GRANT** the Government's motion for summary disposition, **DENY** as moot its request to stay the briefing schedule, and **DISMISS** Zhang's petition in part and **DENY** it in part.