NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE ALLISON WILLIAMS; DONALD DESMOND GRIFFITH; SHENELL SHERLETT SHAWNA GRIFFITH; ASHLEY ELIZABETH TIFFANY GRIFFITH, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 21-339 <br><br> Agency Nos. <br> A088-462-922 <br> A087-683-405 <br> A087-683-403 <br> A087-683-404 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Denise Allison Williams and her three children (collectively, "petitioners"),

natives and citizens of Belize, petition pro se for review of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") order summarily dismissing their untimely appeal. We grant the petition for review and remand.

While this petition was pending, the BIA overruled its previous position that the notice of appeal deadline in 8 C.F.R. § 1003.38(b) is jurisdictional and instead determined that the notice of appeal deadline is subject to equitable tolling. *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716-17 (BIA 2023) (stating that the notice of appeal deadline may be equitably tolled if a noncitizen establishes that they have been "pursuing their rights diligently" and that "some extraordinary circumstance prevented timely filing" (overruling *Matter of Liadov*, 23 I. & N. Dec. 990 (BIA 2006)). The government asserts that this court lacks jurisdiction over the equitable tolling issue because petitioners failed to raise this issue to the BIA. However, because of intervening case law, we need not reach the exhaustion issue. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021). We therefore remand to the BIA for it to consider equitable tolling in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-18 (2002).

The stay of removal remains in place until the mandate issues.

Each party must bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**