Attipoe v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: February 6, 2019                    Decided: December 19, 2019)

Docket No. 18-204

_____

EMELI KWASI ATTIPOE, AKA EMELI ATTIPOE, AKA ANDREW
C. MITCHELL,

*Petitioner*,

v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

Before: POOLER, LOHIER, and CARNEY, *Circuit Judges*.

Petition for review of the January 18, 2018 decision of the Board of

Immigration Appeals ("BIA") refusing to accept Emeli Attipoe's untimely appeal

of an Immigration Judge's July 8, 2016 order of removal to Ghana. The BIA erred

in refusing to consider whether the argument that the appeal deadline, which is nonjurisdictional, is subject to an equitable tolling exception. We find that the appeal deadline is a claim-processing rule amenable to equitable tolling, and we remand to the BIA to develop standards for equitable tolling and to determine whether Attipoe qualifies for equitable tolling under those standards.

Petition granted.

_____

MATTHEW J. MOFFA, Perkins Coie LLP (Gene W. Lee, *on the brief*), New York, NY, *for Petitioner Emeli Kwasi Attipoe*.

BRETT F. KINNEY, U.S. Department of Justice, Civil Division, Office of Immigration Litigation (Joseph J. Hunt, Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, *on the brief*), Washington, D.C., *for Respondent William P. Barr*.

TRINA REALMUTO, American Immigration Council (Kristin Macleod-Ball, *on the brief*), Brookline, MA, *amicus curiae in support of Petitioner*.

POOLER, *Circuit Judge*:

Petition for review of the January 18, 2018 decision of the Board of Immigration Appeals ("BIA") refusing to accept Emeli Attipoe's untimely appeal

of an Immigration Judge's ("IJ") July 8, 2016 order of removal to Ghana. The BIA erred in refusing to consider whether the argument that the appeal deadline, which is nonjurisdictional, is subject to an equitable tolling exception. We find that the appeal deadline is a claim-processing rule amenable to equitable tolling, and we remand to the BIA to develop standards for equitable tolling and to determine whether Attipoe qualifies for equitable tolling under those standards.

Petition granted.

## BACKGROUND

Attipoe, a native and citizen of Ghana, entered the United States in 1998 as a lawful permanent resident. In April 2015, Attipoe pled guilty in Connecticut to attempted first-degree larceny in violation of Connecticut General Statutes ("CGS") §§ 53a-49 and 53a-122. He was initially sentenced to three years' imprisonment (execution suspended) and three years' probation, but the sentence was later modified to simply impose a $1,950 fine.

In August 2015, the Department of Homeland Security ("DHS") placed Attipoe in removal proceedings based on his Connecticut conviction. DHS later filed amended charges of removability, ultimately charging Attipoe as removable for his convictions of two or more crimes involving moral turpitude based on

3

both his Connecticut conviction and a 2013 Texas conviction for theft, an aggravated felony involving fraud or deceit in which the loss exceeded $10,000, and an attempt to commit an aggravated felony. In July 2016, following a hearing, the IJ ordered Attipoe removed.

As relevant here, the IJ concluded that Attipoe's attempted larceny conviction under CGS §§ 53a-49 and 53a-122 was an aggravated felony, rendering Attipoe statutorily ineligible for cancellation of removal. In analyzing the issue, the IJ employed a modified categorical approach, delved into the disposition and plea minutes. The IJ determined that Attipoe was convicted of attempting to obtain property in excess of $10,000 through false pretenses, an aggravated felony under two subsections of 8 U.S.C. § 1101: (a)(43)(M)(i), fraud with loss to victim in excess of $10,000; (U), attempt to commit aggravated felony. The IJ's decision did not inform Attipoe of his right to appeal or the deadline for doing so, and the cover letter accompanying the decision did not check off the option stating that the IJ's "decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar dates of the date of the mailing of this written decision." App'x at 433.

4

Attipoe received a copy of the IJ's decision from his lawyer, Saul Brown, roughly a week after it issued. Attipoe then called Brown, who told Attipoe he would charge between $2,000 and $3,000 to handle Attipoe's appeal. Unable to afford Brown's fee, Attipoe asked around at the detention center for attorney referrals, and someone suggested Michael Reeves. Other detainees vouched for Reeves, and Attipoe contacted him a day or two after speaking with Brown. Attipoe entered into an agreement for Reeves to file a notice of appeal and habeas corpus petition for $500, and Attipoe's sister paid Reeves on July 19, 2016. Despite numerous attempts to reach Reeves and confirm the filing of the notice of appeal, neither Attipoe nor his family ever heard from Reeves following payment.

Attipoe called the BIA shortly before the August 8, 2016 filing deadline to confirm that his appeal was pending, but the BIA clerk told him that a notice of appeal had not been filed. Hoping that Reeves had sent in the appeal, and that it had simply not yet been filed, on August 10, 2016, Attipoe filed a request for stay of removal with the BIA, stating he had an appeal pending. Attipoe also filed a "Request for Emergency Extension" with the BIA on August 19, 2016. On August 25, 2016, Attipoe received the BIA's denial of his stay request, which the BIA

explained was denied because Attipoe did not have an appeal pending. The BIA also rejected Attipoe's "Request for an Emergency Extension," stating "the regulations set strict deadlines for the filing of an appeal, and the Board does not have the authority to extend the time in which to file a Notice of Appeal." App'x at 64. But the BIA also enclosed the necessary forms for Attipoe to file for an extension of the time to appeal.

Attipoe began actively recruiting new counsel, reaching out to immigration attorneys and law clinics, mailing out photocopies of his file, and making telephone calls. Unable to find representation, and acting pro se, Attipoe mailed in his appeal form, an application for a fee waiver, a "Motion to Accept the Notice of Appeal," and an "Emergency Motion for Stay of Removal" on October 21, 2016. He mailed an additional packet of the same material to the BIA via two-day priority mail on October 24, 2016. The BIA received Attipoe's appeal notice on October 27, 2016.

In his pro se motion to accept his late-filed appeal, Attipoe argued that the BIA should toll the deadline because it was not jurisdictional; that the attorney he hired to bring his appeal failed to do so; that the equities weighed in Attipoe's favor; and that he was detained, limiting the risk of flight. DHS moved to dismiss

the appeal, arguing that there were no exceptional circumstances that warranted the BIA exercising its discretionary authority to accept the appeal via certification. Shortly thereafter, Attipoe obtained counsel, who filed a new notice of appeal, a motion to accept the untimely appeal, and a request for an emergency stay of removal. Attipoe's counseled brief reiterated the arguments in support of equitable tolling and argued that even if his appeal was untimely, the BIA should grant reopening sua sponte given that the IJ's determination of ineligibility for cancellation of removal was erroneous.

In January 2018, the BIA dismissed Attipoe's appeal as untimely. The BIA found no "exceptional circumstances meriting acceptance of the respondent's untimely appeal on certification." App'x at 3. The BIA "acknowledge[d] [Attipoe's] arguments on appeal alleging difficulties with the individual hired to file his appeal," but found that Attipoe failed to comply with the necessary requirements to lodge an ineffective assistance of counsel claim under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). App'x at 4. The BIA noted that Attipoe received the IJ's decision and notice of the option to appeal, and it found that his subsequent filing difficulties did not constitute exceptional circumstances given that he filed his appeal more than two months late. *Id*.

7

One panel member dissented, stating that Attipoe "demonstrated exceptional circumstances warranting acceptance of his late appeal by certification pursuant to 8 C.F.R. § 1003.1(c)" without explaining why. App'x at 5. On the merits, the dissent argued that the case should be remanded because the IJ wrongly found Attipoe's conviction to be an aggravated felony. This appeal followed.

**DISCUSSION**

A noncitizen has the right to appeal an order of removal to the BIA, but by regulation the notice of appeal "shall be filed . . . within 30 calendar days" of "the mailing of an [IJ]'s written decision." 8 C.F.R. §§ 1003.1(b)(3), 1003.38(a), (b). Attipoe's notice of appeal was untimely. Nonetheless, we find that the BIA committed legal error in concluding that equitable tolling does not apply to the BIA's appeals regulation, 8 C.F.R. § 1003.38(b).

The government argues that the BIA may accept late-filed appeals only via its self-certification process, 8 C.F.R. § 1003.1(c), and that the decision to accept such appeals is entirely discretionary, divesting this Court of jurisdiction to review such decisions. We agree that, to the extent Attipoe challenges the BIA's decision not to certify his appeal pursuant to 8 C.F.R. § 1003.1(c), we lack

8

jurisdiction to consider an appeal from that entirely discretionary decision. *Vela-Estrada v. Lynch*, 817 F.3d 69, 70-71 (2d Cir. 2016). However, the gravamen of Attipoe's appeal is that the BIA erred in not considering his argument that, because the filing deadline under 8 C.F.R. § 1003.38(b) is nonjurisdictional, it is subject to equitable tolling. We review the BIA's legal conclusions de novo. *Banegas Gomez v. Barr*, 922 F.3d 101, 106 (2d Cir. 2019).

The government argues that the BIA's failure to consider whether the filing deadline was subject to equitable tolling is irrelevant because the BIA previously held that neither the Immigration and Nationality Act nor the regulations provide the BIA with the authority to extend the 30-day deadline for filing an appeal unless the BIA invokes its self-certification authority. *Matter of Liadov*, 23 I. & N. Dec. 990, 993 (BIA 2006). The government further argues that we are required to defer to its interpretation of its own authority and regulations pursuant to *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (agency interpretations of their own regulations are "controlling unless . . . plainly erroneous or inconsistent with the regulation[s]"). But filing deadlines are not a matter in which the agency exercises particular technical expertise. *See, e.g., Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 133 (2d Cir. 2000) ("A statute of limitations is not a matter

within the particular expertise of the INS. Rather, we consider this a clearly legal issue that courts are better equipped to handle." (internal quotation marks and citation omitted)).

We conclude that the BIA's reliance on *Liadov* for the proposition that equitable tolling is not available for late-filed appeals under Section 1003.38 is misplaced. *Liadov* is at odds with precedent in this Circuit and in others, as well with the Supreme Court's repeated admonition not to treat claim-processing rules—such as the filing deadline in 8 C.F.R. § 1003.38—as jurisdictional. *See, e.g., Henderson v. Shinseki*, 562 U.S. 428, 437 (2011) (characterizing the 120-day deadline for filing a notice of appeal with the Veterans Court as a claim-processing rule, and thus nonjurisdictional); *Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (holding that one-year statute of limitations on petitions for habeas relief set by the Antiterrorism and Effective Death Penalty Act of 1996 is subject to equitable tolling); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (holding that 30-day time period for filing a suit against a federal agency under Title VII is subject to equitable tolling).

Section 1003.38 was issued pursuant to Section 545(d)(2) of the Immigration Act of 1990, which instructs the Attorney General to "issue regulations with respect to:"

> the time period for the filing of administrative appeals in deportation proceedings and for the filing of appellate and reply briefs, which regulations include a limitation on the number of administrative appeals that may be made, a maximum time period for the filing of such motions and briefs, the items to be included in the notice of appeal, and the consolidation of motions to reopen or to reconsider with the appeal of the order of deportation.

Immigration Act of 1990, Pub. L. No. 101–649, § 545(d), 104 Stat. 4978, 5066.

In *Liadov*, the BIA concluded that "[n]either the statute nor the regulations grant [the BIA] the authority to extend the time for filing appeals." *Liadov*, 23 I. & N. Dec. at 993. The BIA decided it lacks "the authority to extend the appeal time," and that the only possible cure for a late-filed appeal was for the BIA to find petitioner presented "exceptional circumstances," which would allow the BIA to accept the appeal pursuant to the self-certification process set forth in 8 C.F.R. § 1003.1(c). *Id*. Moreover, *Liadov* makes no reference to the Immigration Act of 1990—and thus does not rely on the statutory text to support its conclusions. It relies exclusively on *United States v. Locke*, 471 U.S. 84 (1985), for

11

the proposition that "[t]he Supreme Court has clearly held that filing deadlines must be strictly applied," and that "[a]ccording to the Court, '[a] filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day.'" *Liadov*, 23 I. & N. Dec. at 992-93 (quoting *Locke*, 471 U.S. at 101). But even *Locke* acknowledges that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." 471 U.S. at 94 n.10. While *Liadov* does not use the word "jurisdictional," the BIA treats the filing deadline as jurisdictional when it concludes that it lacks the authority to consider a late-filed appeal. Only jurisdictional rules strip a court of its ability to adjudicate a case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511-12 (2006); *Irigoyen-Briones v. Holder*, 644 F.3d 943, 949 (9th Cir. 2011) (declining to defer to *Liadov* on the ground that "Congress did not set the thirty-day time limit," such that the appeal filing deadline was "just an administrative claim-processing rule that must be treated as non-jurisdictional").

Liadov's treatment of the appellate filing deadline as jurisdictional goes against the Supreme Court's admonition that claim-processing rules—including most filing deadlines and statutes of limitation—are not jurisdictional. *Henderson*, 562 U.S. at 435. Claim-processing rules "are rules that seek to promote

the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* "Filing deadlines . . . are quintessential claim-processing rules." *Id.* "[A] rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction." *Id.* "Other rules, even if important and mandatory . . . should not be given the jurisdictional brand." *Id.*

To determine if a rule is jurisdictional, courts "look to see if there is any clear indication that Congress wanted the rule to be jurisdictional." *Id.* at 436. Thus, "[a] rule is jurisdictional if the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (internal quotation marks, citation, and brackets omitted). As explained in *United States v. Kwai Fun Wong:*

> the Government must clear a high bar to establish that a
> statute of limitations is jurisdictional. In recent years,
> we have repeatedly held that procedural rules,
> including time bars, cabin a court's power only if
> Congress has clearly stated as much. Absent such a
> clear statement, courts should treat the restriction as
> nonjurisdictional. . . . [T]raditional tools of statutory
> construction must plainly show that Congress imbued a
> procedural bar with jurisdictional consequences.

13

575 U.S. 402, 409 (2015) (internal quotation marks, citation, brackets, and ellipses omitted). While this "line of authority arose in the context of the courts rather than agencies . . . we find the principle a useful one here as well." *Ortiz-Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019).

Our Court considered the issue of Congress's intent with regard to Section 545(d)(1) of the Immigration Act of 1990 in *Iavorski*. Section 545(d)(1) directs that the Attorney General shall issue regulations with respect to "the period of time in which motions to reopen and to reconsider may be offered in deportation proceedings . . . [including] a maximum time period for the filing of such motions." Immigration Act of 1990, Pub. L. No. 101-649, § 545(d)(1), 104 Stat. 4978, 5066. We examined "the text, structure, legislative history, and purpose of Congress's 1990 amendment to the INA" and found "no indication, either explicit or implicit, that Congress intended that this limitations period" be jurisdictional. *Iavorski*, 232 F.3d at 130. Observing that "immigration law in general possesses no special status where equitable tolling is concerned," we rejected the government's argument that our Court must defer to the BIA's policy rejecting equitable tolling for motions to reopen. *Id.* at 130 n.4. We held that equitable tolling of the ninety-day filing deadline for motions to reopen

14

removal proceedings was permissible under Section 545(d)(1), because the time limitations at issue were not jurisdictional. *Id.* at 130.

Here, as in *Iavorski*, nothing in the text of Section 545(d)(2) itself, or in its legislative history, indicates that Congress intended the appeal filing deadline to be jurisdictional. To the contrary, the House Conference Report states that "[u]nless the Attorney General finds reasonable evidence to the contrary, the regulations must state that administrative appeals be made within 30 days, *except that the appellate body may, upon motion, extend such period up to 90 days, if good cause is shown by the movant.*" H.R. Rep. No. 101-955 at 133 (emphasis added). The legislative history thus indicates that Congress was amenable to the idea of extending the time to file an appeal past the deadline upon a showing of good cause. And the BIA may, sua sponte, decide to accept late filings under the self-certification process. It could not accept any late filings—exceptional circumstances or not—if the filing deadline truly was jurisdictional.

We therefore extend *Iavorksi*'s interpretation of Section 545(d)(1) to its sister subsection, Section 545(d)(2), and hold that the BIA must consider the principles of equitable tolling when an untimely appeal is filed and the petitioner raises the issue, as Attipoe did here. We remand to the BIA to consider whether

equitable tolling allows consideration of Attipoe's late-filed appeal. The BIA is free to develop the factors it will apply in considering equitable tolling, although we note that it need not start from scratch. In *Holland*, the Supreme Court set out standards for courts to apply in determining whether equitable tolling is appropriate: (1) a showing that a petitioner "has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 560 U.S. at 649 (internal quotation marks omitted). And in the context of a late motion to reopen, we have held that petitioners seeking equitable tolling must demonstrate (1) that their constitutional rights to due process were violated by the conduct of counsel; and (2) that they exercised due diligence during the putative tolling period. *Iavorski*, 232 F.3d at 135; *see also Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (requiring that a petitioner prove diligence during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed"); *Cekic v. I.N.S.*, 435 F.3d 167, 170 (2d Cir. 2006) (requiring that petitioner "affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled"). After it determines what the

16

standards for equitable tolling under Section 1003.38 are, the BIA should determine whether Attipoe satisfies those standards.

**CONCLUSION**

For the reasons given above, the petition is granted, the BIA's decision is vacated, and this matter remanded to the BIA for further proceedings consistent with this opinion.

17