# United States Court of Appeals
## For the First Circuit

No. 20-1666

ANDREA JOY JAMES,

Petitioner,

v.

MERRICK B. GARLAND,[*] Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Kayatta and Barron, <u>Circuit Judges</u>,
and Saris,[**] <u>District Judge</u>.

<u>Trina Realmuto</u>, with whom <u>Kristin Macleod-Ball</u>, <u>Tiffany Lieu</u>, <u>National Immigration Litigation Alliance</u>, and <u>Kira Gagarin</u> were on brief, for petitioner.
<u>Jeffrey R. Meyer</u>, Attorney, Office of Immigration Litigation, with whom <u>Brian Boynton</u>, Acting Assistant Attorney General, Civil Division, and <u>Stephen J. Flynn</u>, Assistant Director, Office of Immigration Litigation, were on brief, for respondent.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Merrick B. Garland has been substituted for former Attorney General William P. Barr.

[**] Of the District of Massachusetts, sitting by designation.

October 25, 2021

**KAYATTA**, **Circuit Judge**.  After an immigration judge (IJ) ordered petitioner Andrea Joy James removed from the United States, the Board of Immigration Appeals (BIA) dismissed James's appeal as untimely.  In so doing, the BIA failed to address James's request to apply equitable tolling in assessing whether her appeal was timely.  For that reason, we vacate the BIA's dismissal of James's appeal and remand for the BIA to assess in the first instance whether the thirty-day time limit for appealing the IJ's order should have been equitably tolled so as to render James's appeal timely.  Our reasoning follows.

## I.

James, a native and citizen of Jamaica, left that country in 1989 and entered the United States at an unknown place.  She has lived in the United States since that time and has a U.S.-citizen daughter who also lives here.  In December 1999, James was sentenced to over twenty-seven years of imprisonment after she was convicted of various drug offenses.  In October 2019, following the completion of her criminal sentence, James was detained by U.S. Immigration and Customs Enforcement (ICE) in the Bristol County House of Correction (BCHOC) and placed in removal proceedings.  The government charged James with being subject to removal based on her presence in the United States without having been admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i), and her controlled substance convictions, see id. §§ 1182(a)(2)(A)(i)(II),

(a)(2)(C).  After those charges were sustained by the IJ, James applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT) based on her fear of returning to Jamaica.  At a hearing on February 19, 2020, at which James appeared pro se, the IJ denied James's requests for relief and ordered her removed to Jamaica.  By regulation, any appeal was due "within 30 calendar days after" the IJ's decision. 8 C.F.R. § 1003.38(b).  The written memorandum of the IJ's removal order, which was personally served on James the day of the hearing, listed an incorrect appeal deadline of March 18, 2020 (the correct deadline was March 20, 2020).[1]

By the time of James's removal hearing, the World Health Organization and the United States had declared COVID-19 a public health emergency.  See Novel Coronavirus(2019-nCoV) Situation Report - 11, World Health Org. (Jan. 31, 2020),

---

[1]  This is not the only oddity with the written memorandum, which (as is typical) was simply a form indicating whether relief was granted, rather than an explanation of the IJ's reasoning for denying relief.  See Centro Legal de la Raza v. Exec. Off. for Immigr. Rev., No. 21-cv-00463-SI, 2021 WL 916804, at *3 n.2 (N.D. Cal. Mar. 10, 2021).  The memorandum was not signed by the IJ, and though it listed an appeal deadline, boxes checked on the order appear to indicate that James waived her right to appeal.  The government, however, does not argue that James's appeal was waived, nor did the BIA's dismissal of the appeal as untimely acknowledge the issue of waiver, let alone suggest that the appeal had been waived.  Because our review is limited to the grounds the BIA offered for its decision, we make no determination either way concerning this issue.  See SEC v. Chenery Corp., 318 U.S. 80, 94 (1943).

- 4 -

https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200131-sitrep-11-ncov.pdf?sfvrsn=de7c0f7_4; U.S. Dep't of Health & Hum. Servs., Determination that a Public Health Emergency Exists (Jan. 31, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/2019-nCoV.aspx. On March 10, 2020, just ten days before James's appeal deadline, the governor of Massachusetts declared a state of emergency due to COVID-19. Press Release, Charlie Baker, Governor, Commonwealth of Mass., Governor Baker Declares State of Emergency to Support Commonwealth's Response to Coronavirus, (Mar. 10, 2020), https://www.mass.gov/news/governor-baker-declares-state-of-emergency-to-support-commonwealths-response-to-coronavirus. Within days, the World Health Organization declared COVID-19 a pandemic, and the United States declared COVID-19 a national emergency. See WHO Director-General's opening remarks at the media briefing on COVID-19, World Health Org. (Mar. 11, 2020), https://www.who.int/director-general/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020; Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020).

"[C]orrectional institutions face[d] unique difficulties in keeping their populations safe during this pandemic," and BCHOC, where James remained in detention, was no exception. Savino v. Souza (Savino I), 453 F. Supp. 3d 441, 445

- 5 -

(D. Mass. 2020) (quoting Comm. for Pub. Counsel Servs. v. Chief Just. of the Trial Ct., 142 N.E.3d 525, 531 (Mass. 2020)); Savino v. Souza (Savino II), 459 F. Supp. 3d 317, 331 (D. Mass. 2020) (finding "acute flaws in the government's prevention strategy" at BCHOC, including a "lack of testing and contract tracing").

In the midst of this newly-announced health emergency affecting her place of detention, James missed the March 20, 2020 deadline to appeal the IJ's removal order to the BIA. On April 1, 2020, James -- still proceeding pro se -- signed and deposited in the prison mail system a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26). She included with the notice a Supplement to Notice of Appeal and a motion to accept the untimely appeal, plus a fee waiver request. James designated two issues on appeal, one related to the denial of CAT relief, the other to the denial of withholding of removal. The BIA received the appeal package on April 6, 2020, seventeen days after it was due. The next day, James was ordered released from BCHOC as part of a class action lawsuit seeking the release of noncitizens detained at BCHOC due to the health risks posed by COVID-19. Electronic Order, Savino v. Hodgson, No. 20-cv-10617-WGY (D. Mass. Apr. 7, 2020), ECF No. 55.

In her motion to accept the untimely appeal, James explained that she was "not able to secure counsel . . . within[] 30 days" and that she was "currently detained and suffering from

- 6 -

serious complication[s] from her diabetes and high blood pressure." The "supplement" included with James's notice of appeal argued that "because the 30-day appeal period set forth in 8 C.F.R. § 1003.38(b) is a claim-processing rule, the BIA must conduct individualized, administrative review to determine whether it will accept the late appeal." The supplement further argued that "[b]ecause Respondent has requested equitable tolling of the appeal deadline, the appeal must be stayed, at a minimum, until [the] Board determines whether the filing deadline . . . must be tolled." In addition, James checked a box on her notice of appeal indicating that she intended to file a separate written brief after filing the appeal. The notice of appeal informed James that if she checked that box, she would be "expected to file a written brief or statement after . . . receiv[ing] a briefing schedule from the Board."

On June 19, 2020, the BIA summarily dismissed James's appeal as untimely. See 8 C.F.R. § 1003.1(d)(2)(i)(G) (providing that the BIA "may summarily dismiss any appeal" in which the "appeal is untimely"). In doing so, the BIA construed James's motion to accept her untimely appeal as a request to "accept the untimely appeal by certification." See Matter of Liadov, 23 I. & N. Dec. 990, 993 (B.I.A. 2006) (explaining that even if an appeal is untimely, "[w]here a case presents exceptional circumstances, the Board may certify a case to itself under 8 C.F.R.

§ 1003.1(c)").[2]  After noting the reasons James provided for her late filing -- including her detention, inability to retain legal counsel, and serious health complications -- the BIA concluded "[t]hese are not sufficient reasons to excuse the untimely filing of a notice of appeal, and so we decline to consider this appeal by certification."

The BIA's order made no reference to James's request for equitable tolling of the appeal deadline.  Because the appeal was summarily dismissed, James had no opportunity to brief her appeal as she requested, and no transcript of the IJ's oral decision was produced.  See 8 C.F.R. § 1003.3(c)(1) (providing that in "cases that are transcribed, the briefing schedule shall be set by the [BIA] after the transcript is available" and that "[i]n all cases, the parties shall be provided 21 days in which to file simultaneous briefs unless a shorter period is specified by the [BIA]").

In this timely petition for review by this court, James requests that we vacate the BIA's order of dismissal and remand

---

[2]  Recently, the Department of Justice amended section 1003.1(c) to eliminate the BIA's authority to self-certify untimely appeals.  See Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588, 81,591 (Dec. 16, 2020) (to be codified at 8 C.F.R. §§ 1003, 1240).  Implementation of that amendment, however, is currently enjoined.  See Centro Legal de la Raza, 2021 WL 916804, at *1, *44.

for the BIA to consider her equitable tolling claim. The government opposes James's arguments and contends that we lack jurisdiction over this petition for review.[3]

## II.

We begin with the government's argument that we lack jurisdiction to decide James's petition. It is undisputed that James's appeal to the BIA was filed more than thirty days after the IJ's decision. According to the government, this means "James has not exhausted her administrative remedies," depriving this court of "jurisdiction to consider her claims related to th[e] final order of removal." See, e.g., Poole v. Mukasey, 522 F.3d 259, 264 (2d Cir. 2008) (joining other circuits to hold "that a late appeal to the BIA leaves a petitioner's claim unexhausted, and that a court then lacks jurisdiction to consider the unexhausted claims"). On the record here, this argument simply begs the question whether the appeal was untimely, which it was not if the deadline should have been equitably tolled. See id. at 263-64 (considering petitioner's "objections to the BIA's untimeliness ruling"); Liadov v. Mukasey, 518 F.3d 1003, 1006-07 (8th Cir. 2008) (holding "that an alien whose appeal to the BIA

---

[3] James claims in the alternative that the BIA erred by deviating from what she describes as the BIA's "settled course" of self-certifying late appeals in similar and less compelling circumstances. Because we agree with James's primary ground for remand, we do not reach this alternative claim.

was dismissed as untimely is precluded from judicial review of the merits of the removal order" but that "a reviewing court necessarily has jurisdiction to review the agency's jurisdictional ruling"); Sswajje v. Ashcroft, 350 F.3d 528, 532 (6th Cir. 2003) (noting that the court lacked "jurisdiction to review the immigration judge's decision" on the merits due to the petitioner's untimely appeal, but considering the petitioner's claim that "'extraordinary and unique circumstances'" excused his late filing).

In short, whatever may be said of our jurisdiction to review the merits of James's underlying claims for relief from removal, we have jurisdiction to consider her arguments that the BIA erred by failing to consider her request for equitable tolling in deciding whether the appeal to the BIA was timely. See Attipoe v. Barr, 945 F.3d 76, 80 (2d Cir. 2019).

**III.**

The government also contests whether James adequately requested equitable tolling, arguing she raised it "indirectly and vaguely . . . in a single sentence in a pre-printed 'Supplement'" in which she sought "an automatic stay of removal during the pendency of her administrative appeal." It is true that James raised her equitable tolling request in a supplement filed with her notice of appeal, but the government offers no reason why a request for equitable tolling included in a supplement filed

together with a notice of appeal does not preserve any right James might have had to benefit from equitable tolling. Nor can we agree that James was indirect or vague. To the contrary, she was crystal clear: James argued that "because the 30-day appeal period set forth in 8 C.F.R. § 1003.38(b) is a claim-processing rule, the BIA must conduct individualized, administrative review to determine whether it will accept the late appeal." She further argued that "[b]ecause Respondent has requested equitable tolling of the appeal deadline, the appeal must be stayed, at a minimum, until [the] Board determines whether the filing deadline . . . must be tolled."

And were there any doubt about the clarity of James's request, her pro se status would call for reading her filing liberally in her favor. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) ("[W]e hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."); see also Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19 and Sept. 28, 2011) (holding the BIA erred by "failing to afford [pro se petitioner] a liberal construction of his notice of appeal"); Pagayon v. Holder, 675 F.3d 1182, 1188 (9th Cir. 2011) (noting that the court is "particularly careful to give claims raised by pro se petitioners their most liberal construction"). Indeed, in

- 11 -

discussing filing deadlines, the Department of Justice recently noted that although the BIA "has not formally adopted such a rule, by practice, it . . . construes pro se filings liberally." Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588, 81,597 n.23 (Dec. 16, 2020) (to be codified at 8 C.F.R. §§ 1003, 1240).

In sum, James's filing is reasonably read as a request for equitable tolling of the deadline to file her appeal.

**IV.**

**A.**

We would normally turn next to the follow-up question of whether section 1003.38(b) is subject to equitable tolling. But the government has not contested James's argument that equitable tolling can be employed to extend the thirty-day deadline for appealing an IJ's decision. The government does not contend, for example, that it has no jurisdiction to apply equitable tolling once thirty days have passed. Cf. United States v. Wong, 575 U.S. 402, 408-09 (2015) (holding that where "Congress made the time bar at issue jurisdictional," a "litigant's failure to comply with the bar deprives a court of all authority to hear a case"). While that issue is not before us here, we note that four of our sister circuits have held that the thirty-day deadline is not jurisdictional. See Attipoe v. Barr, 945 F.3d 76, 80-82 (2d Cir. 2019); Irigoyen-Briones v. Holder, 644 F.3d 943, 947-49 (9th Cir.

- 12 -

2011); Liadov v. Mukasey, 518 F.3d 1003, 1008 n.4 (8th Cir. 2008); Huerta v. Gonzales, 443 F.3d 753, 755-57 (10th Cir. 2006). We are aware of no circuit holding to the contrary.

The government's lack of opposition on the question of equitable tolling comports with several of its recent remarks on the issue. See, e.g., In re: Sandra Lorena Hernandez-Ortez Abner Fabricio Mayen-Hernandez, 2018 WL 1897753, at *2 (B.I.A. Feb. 12, 2018) ("equitable tolling applies to the filing deadline for [a noncitizen's] appeal"); see also Appellate Procedures and Decisional Finality in Immigration Proceedings, 85 Fed. Reg. at 81,591 ("[N]othing in [this] rule precludes the ability of a respondent to argue, in an appropriate case, that a time limit is inapplicable due to equitable tolling.").

Instead, the government argues that the BIA did address the merits of James's request for equitable tolling, and that its rejection of the request rested on no "material error of law or . . . manifestly arbitrary exercise of judgment." Gyamfi v. Whitaker, 913 F.3d 168, 174 (1st Cir. 2019) (quoting Meng Hua Wan v. Holder, 776 F.3d 52, 56 (1st Cir. 2015)). We address each part of this argument in turn.

**B.**

The government's primary argument is that the BIA adequately considered James's request for equitable tolling by construing it as a request for the BIA to accept the appeal by

certification.  In making this argument, the government relies on Daoud v. Barr, 948 F.3d 76 (1st Cir. 2020).  But Daoud did not involve self-certification; to the contrary, in Daoud, "the BIA did consider, and reject, the application of equitable tolling." Id. at 83.

Moreover, self-certification and equitable tolling are not quite the same.  Cf. Bolieiro v. Holder, 731 F.3d 32, 39 (1st Cir. 2013) (distinguishing equitable tolling from agency's "sua sponte authority to reopen proceedings").  Self-certification is a purely discretionary determination.  See Matter of Liadov, 23 I. & N. Dec. at 993; 8 C.F.R. § 1003.1(c) (2020) (providing that the BIA "may in any case . . . certify such case to the [BIA]" (emphasis added)).  Under the equitable tolling standard, however, a petitioner is "'entitled to equitable tolling' . . . if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"  Holland v. Florida, 560 U.S. 631, 649 (2010) (emphasis added) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Unsurprisingly, then, self-certification and equitable tolling also differ procedurally. The BIA's sua sponte indulgence is generally "unfettered" absent circumstances not present here.  Luis v. INS, 196 F.3d 36, 40 (1st Cir. 1998); Thompson v. Barr, 959 F.3d 476, 480-83 (1st Cir. 2020); see also Abdulla v. Att'y Gen., 971 F.3d 409, 413-14 (3d Cir. 2020).  In contrast, we have reviewed denials of equitable tolling

- 14 -

for abuse of discretion. See, e.g., Vázquez-Rivera v. Figueroa, 759 F.3d 44, 49-51 (1st Cir. 2014); Tay-Chan v. Barr, 918 F.3d at 213 (reviewing for abuse of discretion BIA's denial of motion to reopen where BIA declined to equitably toll filing deadline).

For all of these reasons, we do not read the BIA's refusal to self-certify James's appeal as implicitly rejecting James's request for equitable tolling.

## C.

Finally, the government argues that James has not sufficiently made the case for equitable tolling. But since the BIA did not consider James's tolling argument, we opt not to try to predict how the BIA would have ruled had it considered the argument. See Bolieiro, 731 F.3d at 38 ("Under well-settled principles of administrative law, we must accept or reject the agency's decision based on the rationale the agency provides."). We note as well that, although the government contended at oral argument that James failed to expressly mention "COVID" in her motion to accept her untimely appeal, the government ultimately conceded that the BIA must have been aware of the coronavirus pandemic. The BIA should have the first say in determining whether a pro se detainee whose filing deadline fell during the frenzied first month of the COVID-19 outbreak and who raised her "serious complication[s] from her diabetes and high blood pressure" is entitled to equitable tolling. For us to take the first pass would

be particularly inappropriate here, given that James specifically indicated that she sought to file a written brief fleshing out her arguments, and yet was denied that opportunity when the BIA summarily dismissed her appeal.

**V.**

For the foregoing reasons, we <u>vacate</u> the BIA's order of dismissal and <u>remand</u> to the BIA for it to determine in the first instance whether James's case presents circumstances warranting equitable tolling of section 1003.38(b)'s filing deadline.