# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2022

Lyle W. Cayce
Clerk

No. 20-60540

Jose Santos Boch-Saban,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals

Before Southwick, Haynes, and Higginson, *Circuit Judges*.
Per Curiam:

## I.

Petitioner Jose Santos Boch-Saban, a citizen of Guatemala, seeks review of a Board of Immigration Appeals decision dismissing, as untimely, his appeal of an immigration judge's order denying, as time and number barred, his motion to reopen and dismiss. We VACATE the Board's decision and REMAND the case for consideration in the first instance of the issue of equitable tolling.

No. 20-60540

II.

In a notice to appear served on November 4, 2005, Jose Santos Boch-Saban, a native and citizen of Guatemala, was charged with being removable as an alien present in the United States without having been lawfully admitted or paroled. When Boch-Saban failed to appear at his removal hearing, he was ordered removed in absentia. Boch-Saban remained in the United States and, in 2013, married a U.S. citizen. Boch-Saban's wife subsequently petitioned the Department of Homeland Security ("DHS") for a visa on his behalf as the spouse of a U.S. citizen, which was approved on October 24, 2016.

In January 2017, Boch-Saban and DHS jointly moved to reopen and dismiss his removal proceedings so that he could apply for an immigrant visa based on the Form I-130 visa petition filed by his wife. An immigration judge ("IJ") denied the motion on March 21, 2017, finding that the "limited record" provided by the parties failed to establish Boch-Saban's eligibility for relief. The IJ also declined to reopen the proceedings as a matter of discretion or as an exercise of his sua sponte authority. Boch-Saban did not appeal the denial of the motion to reopen.

Instead, in May 2017, Boch-Saban filed a second motion (unopposed, although DHS did not join) to reopen his removal proceedings sua sponte so that he could pursue an immigrant visa. On July 17, 2017, the IJ denied the second motion as time and number barred. *See* 8 C.F.R. § 1003.23(b)(1) (imposing a limit of one motion to reopen, which must be filed within ninety days of entry of final removal order); § 1003.23(b)(4)(iv) (stating that time and number bars do not apply to jointly filed motions to reopen). The IJ further found the second motion to be time barred even if construed as a motion to reconsider the denial of Boch-Saban's first motion to reopen and declined to equitably toll the filing deadline. The IJ again declined to exercise

2

his sua sponte authority to reopen the proceedings. Notice of the denial of the second motion to reopen was mailed to Boch-Saban's counsel on July 25, 2017.

On May 21, 2018, Boch-Saban, through counsel, filed a notice of appeal with the Board of Immigration Appeals ("BIA"), in which he sought review of the IJ's March 2017 denial of his first motion to reopen. He also filed a motion asking the BIA to accept his untimely appeal. Boch-Saban argued that the thirty-day appeal filing deadline imposed by 8 C.F.R. § 1003.38(b) should be equitably tolled due to the ineffectiveness of his prior counsel, who had deficiently advised him to file a second motion to reopen rather than appeal the IJ's March 2017 order. He additionally contended that the IJ's reasons for denying relief were legally erroneous. Lastly, Boch-Saban requested that the BIA exercise its discretion to consider the appeal and reopen the removal proceedings sua sponte notwithstanding the untimeliness of the notice of appeal.

The BIA dismissed the appeal as untimely and denied Boch-Saban's request to accept the appeal notwithstanding its untimeliness, finding the asserted bases insufficient for consideration by certification. *See* 8 C.F.R. § 1003.1(c) (version effective from February 27, 2018, to August 25, 2019, during which time Boch-Saban filed his notice of appeal) ("The Board in its discretion may review [a decision of an IJ] by certification . . . ."). Boch-Saban timely petitioned this court for review of the BIA's order. *See* 8 U.S.C. § 1252(b)(1).

### III.

This court reviews the BIA's factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Whether equitable tolling is available to apply is a question

No. 20-60540

of law that is reviewed de novo. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020).

## IV.

While Boch-Saban did ask the BIA to exercise its discretion to certify his out-of-time May 2018 notice of appeal, Boch-Saban concedes in his briefing to this court that his current appeal does not "challenge the refusal [of the BIA] to exercise discretion and certify the late appeal." Boch-Saban acknowledges this issue "does not raise a legal error, is unreviewable and committed to agency discretion."[1] In light of his concession, we conclude Boch-Saban has waived any challenge to the BIA's self-certification decision. *See Falek v. Gonzales*, 475 F.3d 285, 291 n.5 (5th Cir. 2007).

## V.

Boch-Saban further contends that the BIA failed to consider his arguments for equitable tolling based on ineffective assistance of counsel and addressed only its discretion to self-certify an otherwise untimely appeal. *See James v. Garland*, 16 F.4th 320, 325 (1st Cir. 2021) ("[S]elf-certification and equitable tolling are not quite the same."). He argues that whether the thirty-day appeal filing period of § 1003.38(b) is non-jurisdictional and is therefore subject to equitable tolling is a distinct issue from whether self-certification is appropriate.

Boch-Saban acknowledges the BIA's holding in *In re Liadov*, 23 I. & N. Dec. 990 (B.I.A. 2006), that the Board has no statutory or regulatory

---

[1] Several cases from our sister circuits support this assertion. *See Abdulla v. Att'y Gen. of United States*, 971 F.3d 409, 414 (3d Cir. 2020); *Idrees v. Barr*, 923 F.3d 539, 540 (9th Cir. 2019); *Vela-Estrada v. Lynch*, 817 F.3d 69, 71 (2d Cir. 2016); *Mahamat v. Gonzales*, 430 F.3d 1281, 1284 (10th Cir. 2005); *Liadov v. Mukasey*, 518 F.3d 1003, 1011 (8th Cir. 2008).

license to extend the time for filing a notice of appeal. *Id.* at 993. The Government in its brief also averred that this is the current position of the BIA: that it lacks jurisdiction over untimely appeals outside of the self-certification process such that equitable tolling is not in play. *But cf. James*, 16 F.4th at 326 (a case where, unlike here, the Government declined to make the argument that the BIA lacked jurisdiction to consider the equitable tolling argument; the circuit remanded for consideration of whether the petitioner's "case presents circumstances warranting equitable tolling").

Whatever the merits of *Liadov* were at the time it was issued, the Supreme Court has since made quite clear that only statutes that are set forth to be construed as jurisdictional are, in fact, jurisdictional. *See, e.g.*, *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017) ("'[M]andatory and jurisdictional' is erroneous and confounding terminology where, as here, the relevant time prescription is absent from the U.S. Code."). Among others, the Second and Ninth Circuits have held, subsequent to *Liadov*, that the thirty-day BIA appeal filing rule is non-jurisdictional and subject to equitable tolling. *See Attipoe v. Barr*, 945 F.3d 76, 78–80 (2d Cir. 2019) ("*Liadov* is at odds with precedent in this Circuit and in others, as well with the Supreme Court's repeated admonition not to treat claim-processing rules—such as the filing deadline in 8 C.F.R. § 1003.38—as jurisdictional."); *Irigoyen-Briones v. Holder*, 644 F.3d 943, 946–48 (9th Cir. 2011). We agree with, and adopt, these courts' reasoning. The BIA has the jurisdiction to hear the case if Boch-Saban establishes equitable tolling, an issue that the BIA should address in the first instance. For these reasons, we remand this case to the BIA to determine whether Boch-Saban proved entitlement to equitable tolling.

No. 20-60540

## VI.

Accordingly, we VACATE the BIA's decision and REMAND the case for consideration on the merits of the issue of equitable tolling.