# Matter of Wilson Ulices MORALES-MORALES, et al., Respondents

*Decided May 5, 2023*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The Board of Immigration Appeals has authority to accept what are otherwise untimely appeals, and consider them timely, in certain situations because 8 C.F.R. § 1003.38(b) (2022) is a claim-processing rule and not a jurisdictional provision. *Matter of Liadov*, 23 I&N Dec. 990 (BIA 2006), overruled.

(2)  The Board will accept a late-filed appeal where a party can establish that equitable tolling applies, which requires the party to show both diligence in the filing of the notice of appeal and that an extraordinary circumstance prevented timely filing.

FOR THE RESPONDENT:  Mario Salgado, Esquire, San Francisco, California

BEFORE:  Board Panel:  WETMORE, Chief Appellate Immigration Judge; MULLANE and MANN, Appellate Immigration Judges.

MULLANE, Appellate Immigration Judge:

In a decision dated December 13, 2021, the Immigration Judge denied the respondents' applications for relief.  On January 13, 2022, the respondents filed an appeal of that decision.  We summarily dismissed the respondents' appeal as untimely on May 10, 2022.  The respondents then filed a timely motion to reconsider.  The respondents' motion will be denied.

The respondents argue that their appeal was not timely filed because their counsel inadvertently mailed the notice of appeal via the United States Postal Service regular mail as opposed to express mail.  The appeal in this case was due at the Board on or before January 12, 2022.  The record reflects that the notice of appeal was mailed on January 10, 2022, which was 2 days before the due date, but it was not timely received by the Board.

The regulations provide that a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) "shall be filed directly with the Board of Immigration Appeals within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision."  8 C.F.R. § 1003.38(b).  If the final date for the filing falls on a Saturday, Sunday, or legal holiday, the appeal deadline is extended to

the next business day. *Id.*[1] The date of filing of the notice of appeal is the date the notice of appeal is received by the Board. 8 C.F.R. § 1003.38(c) (2022).

In *Matter of Liadov*, 23 I&N Dec. 990 (BIA 2006), we addressed the meaning and effect of the 30-day regulatory deadline for filing an appeal. We observed that 8 C.F.R. § 1003.38(b), section 208(d)(5)(A)(iv) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(d)(5)(A)(iv) (2000), which governs administrative appeals in asylum cases, and precedent of the Supreme Court of the United States "all require that filing deadlines be strictly enforced and thus that appeals be timely filed. Neither the statute nor the regulations grant us the authority to extend the time for filing appeals." *Id.* at 993. We also pointed to 8 C.F.R. 1003.1(c) (2006), which authorizes the Board and certain other executive branch officials to "certify" to the Board any case that could fall within the Board's appellate jurisdiction. We indicated that this provision could be invoked by the Board when the case presented "exceptional circumstances." *Id.* We opined that "short delays by overnight delivery services" are generally not exceptional circumstances that warrant invocation of this certification authority, and we declined to do so in that case. *Id.* Our decision in *Matter of Liadov* thus can be fairly read as construing 8 C.F.R. § 1003.38(b) as requiring strict compliance and therefore admitting no exception, but at the same time interpreting 8 C.F.R. 1003.1(c) as creating a safety valve for exceptional circumstances.

Several courts of appeals that have considered *Matter of Liadov* have disagreed with our holding. *See, e.g.*, *Boch-Saban v. Garland*, 30 F.4th 411, 413 (5th Cir. 2022) (per curiam); *Attipoe v. Barr*, 945 F.3d 76, 80–82 (2d Cir. 2019); *Irigoyen-Briones v. Holder*, 644 F.3d 943, 946–49 (9th Cir. 2011). The courts' primary objection to *Matter of Liadov* is that it construes 8 C.F.R. § 1003.38(c) as a strict deadline for filing a notice of appeal such that "the Board has no statutory or regulatory license to extend the time for filing a notice of appeal." *Boch-Saban*, 30 F.4th at 413; *see also Attipoe*, 945 F.3d at 81 ("While *Liadov* does not use the word 'jurisdictional,' the BIA treats the filing deadline as jurisdictional when it concludes that it lacks the authority to consider a late-filed appeal.").

Determining whether a provision is jurisdictional or a claim-processing rule is a complex issue. The Supreme Court has acknowledged as much. *See*

---

[1] While not applicable in this case, there are also other regulatory provisions that may extend the 30-day deadline to file an appeal. *See* Executive Office for Immigration Review Electronic Case Access and Filing, 86 Fed. Reg. 70708, 70741-42 (Dec. 13, 2021) (effective Feb. 11, 2022) (to be codified at 8 CFR § 1003.8(a)(3)) (addressing appeal fee waiver request); *see also id.* at 70721 (to be codified at 8 C.F.R. § 1003.3(g)(2)) (addressing electronic filing).

*Henderson v. Shinseki*, 562 U.S. 428, 438 (2011) ("Instead of applying a categorical rule regarding review of administrative decisions, we attempt to ascertain Congress' intent regarding the particular type of review at issue in this case."); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority."). Accordingly, it seems time for a course correction from our reasoning in *Matter of Liadov*, and this case presents an opportunity to do so.

At the outset, it is important to note that a deadline for filing a notice of appeal is essential for the overall working of an immigration court system in order to bring cases to a final conclusion. Without a deadline for filing an appeal, a respondent or the Department of Homeland Security could delay proceedings indefinitely. Moreover, "[f]iling deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985).

Nevertheless, the regulatory deadline for the time to appeal, 8 C.F.R. § 1003.38(b), is not the same as the statutory time limit for filing a petition for review, section 242(b)(1) of the INA, 8 U.S.C. § 1252(b)(1) (2018), which the Supreme Court has said is "mandatory and jurisdictional." *Stone v. INS*, 514 U.S. 386, 405 (1995); *see also Bowles v. Russell*, 551 U.S. 205, 211 (2007) ("Rather, the filing deadlines in the Bankruptcy Rules are 'procedural rules adopted by the Court for the orderly transaction of its business' that are 'not jurisdictional.'" (quoting *Kontrick*, 540 U.S. at 454)). The Supreme Court has even acknowledged that a petition for a writ of certiorari, in certain types of cases, does not operate strictly and without exception. *See Schacht v. United States*, 398 U.S. 58, 64 (1970) ("The procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion when the ends of justice so require."). Thus, while we will continue to dismiss appeals that are filed outside the 30-day time limit, we acknowledge that the Board has authority to accept what are otherwise untimely appeals, and consider them timely, in certain situations because 8 C.F.R. § 1003.38(b) is a claim-processing rule and not a jurisdictional provision. Accordingly, we overturn our decision in *Matter of Liadov*.

As a claim-processing rule, we construe 8 C.F.R. § 1003.38(b) to apply strictly, but with an important exception: equitable tolling. *See Attipoe*, 945 F.3d at 82–83 (holding that principles of equitable tolling apply to untimely appeals before the Board because there is no indication that Congress

intended the appeal filing deadline to be jurisdictional); *accord Boch-Saban*, 30 F.4th at 413. The Board will accept late-filed appeals where a party can establish equitable tolling applies. Adopting the suggestion from *Attipoe*, 945 F.3d at 82, we will apply the equitable tolling rule from *Holland v. Florida*, 560 U.S. 631 (2010). Thus, a party must show two things. *Holland*, 560 U.S. at 649. The first is that he has been pursuing his rights diligently. *Id.* The second is that some extraordinary circumstance prevented timely filing. *Id.* The party seeking equitable tolling must clearly establish both in the motion to accept an untimely appeal. Even an appeal that is merely 1 day late will not be considered timely unless the party can show both diligence in the filing of the notice of appeal and that an extraordinary circumstance prevented timely filing.

The respondents' claim for pursuing their rights diligently is that, 5 days before the appeal was due, they retained the same law firm that handled the proceedings before the Immigration Judge. They offer no explanation about what steps, if any, they took in the first 25 days to pursue an appeal. Although waiting until 5 days before the appeal was due to retain counsel is not necessarily a failure to pursue rights diligently, the respondents and their counsel have not sufficiently explained the steps the respondents took to pursue the appeal to persuade us that they acted with diligence. Thus, we conclude the respondents have not shown that they pursued their appeal rights diligently.

The respondents have also not shown that an extraordinary circumstance prevented a timely filing. Counsel for the respondents indicates, without elaboration, that the notice of appeal was inadvertently mailed via regular mail instead of next-day mail. Ordinarily, an inadvertent act of choosing regular mail rather than a guaranteed next-day delivery is not an extraordinary circumstance. An extraordinary circumstance may include those situations where reasonable expectations about an event's occurrence are interrupted. One example is where a party uses a guaranteed delivery service, and the service fails to fulfill its guarantee. Here, counsel for the respondents has not explained how a document was inadvertently mailed, rather than sent by guaranteed overnight delivery.

To initiate an appeal with the Board, the appealing party must complete a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26), which is a short form that requires basic information about the party, the Immigration Judge's decision being appealed, and the reasons for the appeal. The appealing party may also elect to file a separate written brief or statement after filing the notice of appeal to set forth the reasons for the appeal in greater detail. A party who waits until nearly the last day to file an appeal does so at their own peril, as the equitable tolling exception will not apply automatically to excuse appeals that are filed 1 day late. *See Locke*,

471 U.S. at 101 ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.").

Because the respondents have not shown that they pursued their appeal right diligently and that an extraordinary circumstance prevented a timely filing, we conclude that equitable tolling does not apply in this case and we properly dismissed the respondents' appeal as untimely. We will therefore deny the respondents' motion to reconsider our May 10, 2022, decision.[2]

Accordingly, the following order will be entered.

**ORDER:** The motion to reconsider is denied.

---

[2] The circumstances presented in this case do not cause us to invoke our certification authority under 8 C.F.R. § 1003.1(c) (2022).