# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60693
Summary Calendar

————————

STEPHANY XIOMARA PORTILLO-ORDONEZ,

*Petitioner*,

*versus*

TODD WALLACE BLANCHE, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A099 533 428

————————————————————

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

The Board of Immigration Appeals ("BIA") summarily dismissed, as untimely, Stephany Portillo-Ordonez's appeal of her order of removal. She petitions for review, claiming that the BIA failed to consider her contention that equitable tolling applies. We deny the petition.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60693

## I.

Portillo-Ordonez, a native and citizen of El Salvador, was served in December 2005 with a notice to appear that charged her as removable as an alien present in the United States without having been admitted or paroled. When she failed to appear at her scheduled hearing, the immigration judge ("I.J.") ordered in January 2006 that she be removed *in absentia*. In November 2024, Portillo-Ordonez filed a motion to reopen and rescind the order of removal. The I.J. denied the motion.

Portillo-Ordonez's notice of appeal ("NOA") to the BIA was due on January 21, 2025, but she did not file it until January 22. She filed a motion asking the BIA to accept her late appeal, highlighting her lack of financial resources, efforts to file the appeal on time, and lack of knowledge regarding the BIA's paper-filing requirements.

Portillo-Ordonez explained that she could not afford counsel, and counsel agreed on January 21, 2025, to represent her *pro bono*. Portillo-Ordonez claimed that the NOA was ready for filing on January 21, 2025, but she encountered difficulties in filing it on time. Counsel first attempted to file it electronically on that day but then discovered that it had to be filed as a paper submission. Portillo-Ordonez asserted that she "took immediate action to file the appeal in person" by driving to the BIA in "heavy traffic and poor weather conditions," but the office was closed by the time she arrived. Portillo-Ordonez also claimed that the I.J.'s order contributed to her untimely filing, as the order did not disclose the due date for her appeal.

The BIA summarily dismissed the appeal as untimely, noting that the NOA was filed a day late and that Portillo-Ordonez had not shown due diligence or extraordinary circumstances warranting equitable tolling. Portillo-Ordonez filed this timely petition for review.

2

## II.

We review a summary dismissal by the BIA for abuse of discretion. *Rioja v. Ashcroft*, 317 F.3d 514, 515 (5th Cir. 2003) (per curiam). The BIA abuses its discretion only if the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted).

## III.

An NOA must "be filed directly with the [BIA] within 30 calendar days after the stating of an [IJ's] oral decision or the mailing or electronic notification of an [IJ's] written decision." 8 C.F.R. § 1003.38(b). The filing period under § 1003.38(b) is subject to equitable tolling. *See Boch-Saban v. Garland*, 30 F.4th 411, 413 (5th Cir. 2022). An alien is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (citation modified).

The I.J. issued the order on December 18, 2024, and the immigration court served the order to Portillo-Ordonez's counsel on December 19, 2024. Portillo-Ordonez does not dispute that her NOA to the BIA was due January 21, 2025. Instead, she contends that the Board abused its discretion by summarily dismissing her appeal as untimely without providing a reasoned explanation for declining equitable tolling.

The BIA is not required to address every piece of evidence or argument in detail, nor must it provide a lengthy exegesis of its reasoning. *Ndifon v. Garland*, 49 F.4th 986, 988 (5th Cir. 2022) (quoting *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996)). In *Prado-Majano v. Blanche*, 176 F.4th 335 (5th Cir. 2026), the BIA denied petitioner's motion to reopen as untimely

3

No. 25-60693

and rejected his argument for equitable tolling that was based on ineffective assistance of counsel.  The petitioner posited that the BIA had failed to consider his other grounds for equitable tolling, such as "his pro se status, being a Spanish speaker, not having a full copy of his immigration file, and his limited ability to call attorneys and gather evidence."  *Id.* at 342.  We held that the BIA did not abuse its discretion by failing to consider the petitioner's argument for equitable tolling on those grounds because the petitioner did not submit any evidence to support those claims.

Portillo-Ordonez did not offer any evidence or cite any authority in support of her position, and her counseled motion did not expressly mention the equitable-tolling standard and contained little analysis of her entitlement to equitable tolling.  Because Portillo-Ordonez provided no evidence and scant analysis of the issue, the BIA did not abuse its discretion.  *See id.*

The petition for review is DENIED.